# THE CITY OF CHICAGO

*v.*

# DEBORAH STEARNS.

*Filed at Ottawa September 27, 1882—Rehearing denied March Term, 1883.*

1. PRACTICE—*when specific objection should be made.* In a suit against a city to recover for a personal injury from a fall, on June 12, 1878, caused by a defective sidewalk, a witness was asked if he knew the condition of the sidewalk in the month of June, 1878, to which the defendant made a general objection, which the court overruled: *Held*, that there was no error in the ruling. It was proper to prove the condition of the walk in the month of June prior to the injury, and if the defendant desired to object to evidence in regard to its condition after the accident, the objection should have been more definite, and confined to that particular time.

2. NEGLIGENCE—*of city in respect to sidewalk—liability.* A city will not be held liable for an injury from a defective sidewalk unless the authorities have notice of the defective walk, or unless they have notice of such

facts and circumstances as would, by the exercise of reasonable diligence, lead a prudent person to such knowledge.

3. Same—*comparative negligence—statement of the rule.* In an action based on negligence as the cause of injury, the court instructed the jury, that if they found, from the evidence, "that the plaintiff was herself guilty of some negligence, but that the defendant was guilty of gross negligence, contributing to such injury, and that the plaintiff's negligence was slight as compared with the negligence of the defendant, still she may be entitled to recover:" *Held,* that the rule of comparative negligence was correctly stated.

4. Instruction—*construed, as to requiring notice.* In a suit against a city to recover damages for an injury received from a defective sidewalk, the court instructed for the plaintiff that it was the duty of the defendant to use reasonable diligence to keep the sidewalk in a reasonably safe condition, and if the jury believed, from the evidence, that the defendant had failed to perform such duty, and that by reason of its negligence in that regard the said sidewalk was permitted to remain out of repair and in a dangerous condition, etc. It was objected that this might authorize the jury to conclude no notice of the defect was necessary to charge the defendant: *Held,* that the words, "was permitted to remain out of repair," implied a knowledge on the part of the city of the condition of the walk.

5. Same—*need not be repeated.* Where the substance of the part of an instruction stricken out by the court is embraced in another instruction which is given, there will be no error in the modification, even though the portion stricken out was a correct statement of the law.

6. Error—*will not always reverse.* A technical error in modifying an instruction, not calculated to mislead the jury, and which did the party complaining no harm, affords no ground to reverse a judgment fairly obtained.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Sidney Smith, Judge, presiding.

Mr. Clarence A. Knight, for the appellant:

A city is not always liable for an injury caused by a defective sidewalk. Notice of the defect must be shown, or circumstances from which it may be inferred. (*City of Peru* v. *French,* 55 Ill. 318; *City of Chicago* v. *Murphy,* 84 id. 224.) The instruction for the plaintiff assumes, or would lead the jury to believe, that no such notice was necessary.

Again, the latter part of the instruction does not correctly state the rule of comparative negligence. This court has

frequently held that it is the duty of a person walking on the sidewalk to use his eyes to direct his footsteps, and failing to do so is such negligence as to preclude a recovery. *Village of Kewanee* v. *Depew*, 80 Ill. 119; *City of Quincy* v. *Barker*, 81 id. 300.

The plaintiff has not claimed, in her declaration, that the sidewalk was defectively constructed, and hence it was improper in the court to place before the jury that question in its modification of the defendant's instruction. It was misleading to do so. *Chicago and Alton R. R. Co.* v. *Kellam*, 92 Ill. 245.

Mr. SIDNEY THOMAS, for the appellee:

The instruction complained of does not ignore the question of notice to the city of the defect in the walk. Reasonable diligence does not exclude the right to notice of the defect and opportunity to repair, and, in short, all that the argument claims. The word "permit," in the instruction, implies that the party permitting acts understandingly, and permission implies knowledge, and knowledge is notice. The case was not tried on the theory of a defect in the original construction of the walk, and the objection urged could not have affected the verdict in the least.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by Deborah Stearns, in the Superior Court of Cook county, against the city of Chicago, to recover for injuries received from a fall on and through a defective sidewalk, on LaSalle street, on the 12th day of June, 1878. On a trial before a jury the plaintiff recovered a judgment of $1500, which, on appeal to the Appellate Court, was affirmed.

A single question has been raised in regard to the admission of evidence. Mrs. Beck, a witness for plaintiff, was

asked if she knew the condition of the sidewalk in the month of June, 1878. To this question a general objection was made by the defendant, and overruled by the court. We perceive no error in the ruling. It was proper to prove the condition of the walk in the month of June, prior to the time of the injury, and if the defendant desired to object to evidence in regard to the condition of the walk after the accident occurred, the objection should have been more definite, and confined to that particular time. As it was not, we think the ruling of the court was not erroneous.

The next question presented by counsel for appellant involves the decision of the court on the instructions. At the request of the plaintiff the court instructed the jury as follows:

"1. It was the duty of the defendant to use reasonable diligence to keep the sidewalk in question in a reasonably safe condition, and if the jury believe, from the evidence, that the defendant failed to perform such duty, and that by reason of its negligence in that regard the said sidewalk was permitted to remain out of repair and in a dangerous condition, by reason whereof the plaintiff, while exercising reasonable care on her part, received the injury complained of, then the defendant is liable. And the court further instructs the jury, that if they find, from the evidence, that the plaintiff was herself guilty of some negligence, but that the defendant was guilty of gross negligence contributing to such injury, and that the plaintiff's negligence was slight as compared with the negligence of the defendant, still she may be entitled to recover.

"2. If you find the defendant guilty, then the plaintiff is entitled to recover her actual damages which she has sustained as the direct or proximate result of such injury, such as, her loss of time, her pain and suffering, her necessary and

reasonable expenses in medical and surgical aid and nursing, as the same may appear from the evidence in this cause. And if the jury find, from the evidence, that the said injury is permanent and incurable, they should also take this into consideration in assessing the plaintiff's damages."

It is said that under the first instruction the jury might well conclude that no notice whatever was requisite to charge the city with liability, but that, at all times, the sidewalk must be kept in a reasonably safe condition, without regard to whether there was any actual or constructive notice. So far as the question of notice to a city of a defective sidewalk is concerned, the law is well settled that the city will not be held liable unless it has notice of the defective walk, or unless it has notice of such facts and circumstances as would, by the exercise of reasonable diligence, lead a prudent person to such knowledge. (*City of Chicago* v. *Murphy*, 84 Ill. 224.) We do not, however, regard the instruction to be in conflict with this rule. It will be observed that the instruction contains the words, "was permitted to remain out of repair." Webster, in referring to the words "permit," "allow," and "suffer," says, "permit" is the most positive, denoting a decided assent. From this definition it is plain that if the city assented it did so from a knowledge of the condition of the walk,—the assent implied knowledge. But however this may be, the third instruction, given on behalf of the defendant, places the question of notice before the jury in such clear and emphatic language that they could not be misled on this question. As to the last part of the instruction, we perceive no substantial objection to it. The question of comparative negligence seems to be correctly stated.

As respects the second instruction, it is claimed that there was no evidence to support it, and for that reason it should not have been given. The proof showed that plaintiff employed physicians, who attended her, and she was nursed

by her daughter, and the expenses were about $600. The various items were not called for or given, but the evidence was sufficient, at least, to base the instruction upon. It will be presumed that the physicians who attended the plaintiff were authorized to practice, unless the contrary appeared.

It is next claimed that the court erred in modifying instruction No. 1, by striking out a portion thereof. The substance of that portion of the instruction which the court refused to give was embraced in instruction No. 4, which was given, and it was not error to refuse an instruction which was a mere repetition of another, in different language.

It is also claimed that the court erred in the modification of instruction No. 3, by submitting to the jury a question not involved in the case,—that is, the "defective construction" of the sidewalk. The declaration was not framed with a view to the recovery on the ground that the sidewalk, as originally built, was defectively constructed, and no evidence was introduced to establish a claim of that character, and, so far as appears from the record, plaintiff did not base her right of recovery on that ground; and while it may be admitted that the modification was a technical error, it was one that could not mislead the jury, and did the defendant no harm.

The real issue involved in the case was fairly presented to the jury by the instructions, and we perceive no substantial ground for disturbing the judgment.

The decision of the Appellate Court affirming the judgment will be affirmed.

*Judgment affirmed.*