286     APPELLATE COURTS OF ILLINOIS.

Diehl v. East St. Louis Light and Power Co., 188 Ill. App. 286.

## Statement of the Case.

Ella Stafford was allowed seven hundred and fifty dollars as a claim against the estate of Matthew Laxon, deceased, for services rendered deceased as a house-keeper and nurse. H. E. Kimmel, executor, prayed an appeal to the Circuit Court from the order of the County Court, allowing the claim. A transcript was filed and the case docketed in the Circuit Court where the claimant made a motion to dismiss the appeal for want of an appeal bond, and the motion was sustained and the appeal dismissed.

The questions raised on this appeal are identical with those involved in the case of *Stafford v. Kimmel*, p. 281, *ante*, and the decision in that case *held* controlling.

B. W. POPE, for appellant.

GEORGE W. DOWELL, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

---

## William Diehl, Appellee, v. East St. Louis Light and Power Company, Appellant.

1. ELECTRICITY, § 27*—*when evidence sustains recovery for injuries resulting from fall of glass insulator from pole.* In an action against an electric light and power company for personal injuries sustained by plaintiff by reason of a defective glass insulator falling from a cross arm of one of defendant's poles situated at the edge of a sidewalk, *held* that a verdict for plaintiff was sustained by the evidence, it appearing that the insulator had been left attached to the arm without being used to support wires for several years, and that for a month or two before the accident its cracked condition was easily discernible upon examination.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Diehl v. East St. Louis Light and Power Co., 188 Ill. App. 286.

2. NEGLIGENCE, § 221*—*when failure of instruction to confine jury to negligence alleged not misleading.* The fact that an instruction did not use the words of the declaration as to the negligence complained of, does not render it misleading, where no other negligence than that named in the declaration was sought to be proved and the proof concerning the negligence charged in the declaration was sufficient to warrant a verdict for plaintiff.

3. INSTRUCTIONS, § 110*—*when cannot be complained of as authorizing recovery on defective count.* The fact that an instruction given would authorize a verdict for plaintiff on a defective count in the declaration cannot be complained of where the defect in the count would not render it insufficient after verdict.

4. NEGLIGENCE, § 128*—*when count in declaration sufficient after verdict.* Where a count in the declaration charged an electric light and power company with negligently permitting a glass insulator to be upon a pole in a broken condition, but failed to charge that the company knew or in the exercise of reasonable care should have known that the insulator was in defective condition, *held* that though the count would have, been subject to a special demurrer for such defect, yet the word "permitted" implies notice and made the count sufficient after verdict.

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

BARTHEL, FARMER & KLINGEL, for appellant.

D. J. SULLIVAN, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

William Diehl, appellee, brought this suit to recover damages for personal injuries received through the alleged negligence of the East St. Louis Light and Power Company, appellant. The jury found the issues for appellee and assessed his damages at six hundred dollars, but a remittitur of one hundred dollars was entered by appellee and the court gave judgment against appellant for five hundred dollars, from which an appeal is taken to this court. The complaint of appellant is that the evidence did not show a right of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

recovery and that its interests were prejudiced by several erroneous instructions given at the request of the appellee.

Appellant, as it appears from the proofs, is engaged in furnishing electricity for the use of patrons in East St. Louis and one of its electric light poles is located at the edge of the sidewalk, a few feet north of Missouri avenue on Sixth street in said city. There are cross arms on said pole, with wires attached thereto, some twenty-five or thirty feet above the sidewalk. To the end of one of these cross arms is attached an iron bracket, called a spreader, the lower end of which drops below the cross arm and turns up, forming a pin, upon which threads were cut so that a glass insulator could be screwed thereon to carry wire. Formerly an insulator was screwed upon this solid iron pin, which had been used at one time by appellant for insulating the wire connection with the Beykirch grocery store immediately across the sidewalk on the west side of the street. The connection with the building, however, was afterwards abandoned, and for some time prior to the time appellee was injured the wires had been removed and the glass insulator left on the spreader unused. On December 5, 1912, appellee, who was an employee of said grocery store, brought a large box of papers out of the store and set it down on the edge of the sidewalk near the pole. A paper had fallen from the box when he set it down and as he reached to get it part of the insulator dropped from the pole, striking the back of his hand and wrist and cutting them so severly that he was compelled to lose two months' work, and leaving the usefulness of his hand considerably impaired. Two witnesses for appellee, who lived above the grocery store, testified the insulator had been cracked for from one to two months prior to its falling and this crack was quite visible. One of them stated she had lived there three years and had never seen any wire on it.

The declaration contained two counts. The first charged that appellant permitted the insulator to be upon the iron bracket or holder in a split or broken condition, so that it was liable to fall upon pedestrians or persons on the sidewalk at that place, and because of such defective condition it fell upon and injured appellee. The negligence charged in the second count was the placing of the glass insulator upon an iron screw or holder, which was stated to be improper and dangerous, for the reason that the insulator was liable to be split and broken by changes in temperature effecting the iron screw or holder; that such danger was known to appellant or should have been known to it by the exercise of ordinary care. The theory of the defense appeared to be that the insulator in question was one of a kind in common use by the Company in East St. Louis and other places and that so far as the witnesses examined were concerned they did not know of insulators having been split or broken when placed upon iron pins, like the one in question, through expansion and contraction of the pin caused by changes of temperature.

An examination of the evidence leads us to the conclusion that it warranted a finding by the jury that said insulator had been left upon the iron pin for several years with no wire around it and was not, during that time, necessary to appellant or used by it in conducting its business; that for a month or two before the accident it was cracked and its condition was easily discernible upon examination; that it was placed some twenty-five or thirty feet above the sidewalk where persons were passing back and forth; that in its cracked and broken condition it might fall at any time to the walk below and was therefore dangerous to persons passing along; that a piece of it did fall upon appellee and injure him severely. It was for the jury to determine from all the facts whether the charges made in the declaration were proved, and we find no good

reason for not agreeing with the conclusion which they arrived at in this case.

Appellant complains of appellee's given instruction No. 2, which told the jury that if they believed from a preponderance of the evidence the use of said insulator above the public sidewalk at the point in question, as it was there being used as shown by the evidence, was negligence on the part of the defendant and such negligence caused appellee's injury, and he was at the time in the exercise of ordinary care for his own safety, they should find the defendant guilty, because the instruction did not confine the negligence to that charged in the declaration. While this instruction did not use the words of the declaration as the negligence complained of is there set forth, yet the jury could not have been misled by it as no other negligence than that named in the declaration was sought to be proved, and the proof concerning the negligence charged in the declaration was, as we have above seen, sufficient to warrant the verdict against appellant. The complaint of appellee's third given instruction is that it authorized a verdict for appellee in case the jury found the defendant guilty of negligence as alleged in the first count of the declaration, it being claimed by appellant that the first count did not contain the elements of a good cause of action, for the reason that it nowhere charges appellant knew or by the exercise of reasonable care should have known that the insulator was split or broken. While it is true that the first count had no charge of knowledge on the part of appellant, or that it might have acquired knowledge by the exercise of reasonable care, of the condition of the insulator, yet it does charge that appellant negligently permitted the insulator to be upon the bracket in a broken condition. While this count might have properly been a subject of special demurrer for the defect mentioned, yet the word "permitted" implies notice and is sufficient to sustain the count after verdict. *Peebles v. O'Gara Coal Co.*, 239 Ill. 370; *City of Chicago v. Stearns*, 105 Ill.

554. The instructions as a whole appear to have fairly informed the jury of the law governing the case, and we are of opinion that upon the facts and the law the judgment was substantially correct and should be affirmed.

*Judgment affirmed.*