Joseph Pedroni, Appellee, v. Illinois Third Vein Coal Company, Appellant.

Gen. No. 6,337.    (Not to be reported in full.)

Appeal from the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 19, 1917.

## Statement of the Case.

Action by Joseph Pedroni, plaintiff, against the Illinois Third Vein Coal Company, defendant, to recover damages for personal injuries sustained while in defendant's employ as a coal miner. From a judgment for plaintiff for five hundred dollars, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

McDOUGALL, CHAPMAN & BAYNE, for appellant; MAS-TIN & SHERLOCK, of counsel.

J. L. MURPHY, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. STATUTES, § 196*—*how construed.* Statutes are to be construed with reference to the purposes for which they are enacted.

2. MINES AND MINERALS—*when mine operator liable for injury caused by falling of top of cage.* In an action against a mine operator for personal injuries sustained by a miner while he was on a cage used in a coal mine for hoisting the miners, where it appeared that there was an opening in the top of the cage, that the door to cover this opening was standing upon its hinges, that the plaintiff, while hurriedly getting into the cage and reaching up for a handhold to steady himself, grasped the edge of this open place, and that as he did so the said door fell and crushed his fingers, and plaintiff contended that the keeping of the door open was in violation of that portion of the statute requiring such cages to be furnished with a sheet metal covering, *held* that the language of the statute did not indicate that its sole purpose was to protect miners who rode in cages from falling objects, and that it was, in effect, violated because at the time of the injury the cage was not in the condition in which the statute contemplated it should be, by reason of the failure to cover up the opening in the top of the cage.

3. APPEAL AND ERROR, § 1540*—*when instructions not limiting negligence to that charged in declaration not reversibly erroneous.* Where, in an action to recover for injuries sustained by a miner while in a cage in a coal mine, certain instructions given for the plaintiff were subject to the criticism that they permitted the jury to find for the plaintiff if the injury was caused by negligence in failing to provide a safe cage for plaintiff to ride in, without limiting such negligence to that charged in the declaration, *held* that as there was no evidence of negligence other than that charged, the instructions could not have harmed the defendant and the error was not sufficient to reverse.

4. MINES AND MINERALS—*what is purpose of statute requiring metal covers on cages.* In an action by a miner for injuries sus-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Pedroni v. Illinois Third Vein Coal Co., 205 Ill. App. 119.

tained in a coal mine through the falling of a door, standing upright on top of the cage in which the plaintiff was riding, falling on his hands while he had hold of the edge of an opening on the top of the cage, where the plaintiff claimed that such opening constituted a violation of that part of the Mines and Mining Act requiring cages used in the shafts for hoisting and lowering workmen into the coal mine to be furnished with a sheet metal cover, and the defendant claimed that the only purpose of the statute was to protect persons in the cage from falling objects, *held* that the protection of persons against falling objects was the test of the adequacy of the covering rather than its sole purpose, and that the obvious meaning of the statute was, not only that such cages should be equipped with metal covers, but also that they should be in use as such when the cages were operated for hoisting miners.

5. INSTRUCTIONS, § 137*—*when properly refused.* Instructions stating that the jury must make their finding under their oaths concerning a certain feature of a case are properly refused.

6. MINES AND MINERALS, § 186*—*when instruction in action by miner for injuries from falling of top of cage is erroneous.* In an action for injuries sustained by a miner in a coal mine, where violation of a statute was involved and the plaintiff also charged common-law negligence, and defendant claimed that the only purpose of the said statute was to protect persons who were in a cage from falling objects, and that plaintiff was not entitled to recover because he was not injured by a falling object, *held* that an instruction practically directing a verdict for the defendant in case they found that the injury was not caused by a falling object was properly refused, as it limited the right of recovery to injuries resulting from a violation of the statute, and ignored the plaintiff's right to recover if there was sufficient evidence under the counts charging common-law negligence.

7. INSTRUCTIONS, § 137*—*when properly refused.* An instruction leaving the jury to determine whether under the evidence there was a violation of a statute as a matter of law is properly refused.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.