## The Covenant Club of Chicago, Appellant, v. John R. Thompson et al., Appellees.

### Gen. No. 31,774.

1. ABATEMENT AND REVIVAL—*abatement for death of party in tort action not based on damage to real or personal property.* An action for damages by a landowner against the landlord and tenants of adjoining property, because of the interference with the work of constructing a building on plaintiff's land and the extra expense incident thereto as the result of the flow of sewage and water from adjoining premises, is not an action to recover damages to real or personal property, and the death of the landlord abates the cause of action as to him, but it survives as to the surviving defendants.

2. APPEAL AND ERROR—*reversal of judgment against several defendants for error as to one.* A judgment against plaintiff entered on a directed verdict for the defendants in an action of tort will be reversed where the judgment is erroneous as to one of the defendants, although the action has abated as to such defendant from his death pending the

Covenant Club of Chicago v. Thompson, 247 Ill. App. 122.

appeal, although plaintiff alleged a joint liability of the tortfeasors and failed to prove the same, and although only nominal damages might have been recovered against the deceased party.

3. APPEAL AND ERROR—*effect of abatement of action of tort against one of several defendants*. The abatement of an action of tort against one of several defendants by his death pending an appeal by plaintiff from a judgment on a directed verdict for all the defendants does not require that the appeal should be considered as if the deceased party were not a party to the suit in the lower court.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1927. Reversed and remanded. Opinion filed December 27, 1927. Rehearing denied January 13, 1928.

JOSEPH F. GROSSMAN, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee John R. Thompson Co.

RYAN, CONDON & LIVINGSTON, for appellee Grant Hotel Co.

CLOYES & KLINGLER, for appellee Maria Marx.

MR. JUSTICE SCANLAN delivered the opinion of the court.

The Covenant Club of Chicago, a corporation, plaintiff, in the superior court of Cook county, sued John R. Thompson, John R. Thompson Company, a corporation, The Grant Hotel Company, a corporation, and Maria Marx, defendants, in trespass on the case. There was a trial before the court with a jury and at the conclusion of the evidence for the plaintiff the trial judge, on motion of all of the defendants, instructed the jury to find all of the defendants not guilty. Judgment was entered on the verdict and this appeal followed.

In 1923 the plaintiff was possessed of the premises known as Nos. 10 to 20, inclusive, North Dearborn street, Chicago. The defendant John R. Thompson was possessed of the premises located at the northwest corner of Dearborn and Madison streets. They were L shaped and adjoined those of the plaintiff on the south and west and were improved with a seven or eight-story building known as The Grant Hotel. The defendants John R. Thompson Company, The Grant Hotel Company and Maria Marx were tenants of the defendant Thompson. The defendant The Grant Hotel Company occupied all of the upper floors of the building, a small part of the ground floor fronting on Dearborn street, and the boiler room and room for baggage in the basement. The stores on the ground floor fronting on Madison street were occupied by the defendant John R. Thompson Company and several other tenants. The defendant Maria Marx occupied the eastern portion of the basement immediately south of and adjoining plaintiff's premises.

At the time in question a contractor employed by the plaintiff to erect a building on plaintiff's premises was excavating the soil and digging wells for caissons. The plaintiff claimed that the defendants maintained a defective system of drains for sewage and waste water and that they permitted sewage and waste water to be diverted from the premises of the defendants and to flow and to be cast upon the land of the plaintiff and into the caisson wells and excavations, and that the plaintiff was obliged to and did lay out and expend large sums of money for pumping and draining the sewage and waste water and that the work of construction was greatly delayed and the plaintiff thereby damaged.

On June 18, 1927, while this appeal was pending, the defendant John R. Thompson died, and his death has been suggested in this court and has been made a

matter of record.  No motion has been made by the plaintiff or any of the defendants to substitute the personal representatives of that defendant.  In the brief of the defendant John R. Thompson Company it is argued that the cause of action has abated as to the defendant John R. Thompson because of his death. The counsel for the plaintiff, in its reply brief, contends that the cause of action has not abated; that under section 123 of the Administration Act, Cahill's St. ch. 3, ¶ 125, actions for the recovery of damages for injuries to real or personal property survive.

The plaintiff in the first count of the declaration alleges that "it was engaged in erecting a building on its land above described, and was digging wells upon this land for caissons as a foundation for said building, and was excavating said land for the basement of said building, of which the defendants had knowledge or notice.  *  *  *  That defendants wrongfully and carelessly caused or permitted the sewage and water from the said premises and said appurtenances of defendants to be diverted and cast upon the land of the plaintiff and into the caisson wells and excavations then in process of work, and the plaintiff was thereby obliged to and did lay out and expend large sums of money for pumping and draining said sewage and water, and the work of construction was thereby greatly delayed.  To the damage of plaintiff in the sum of Twenty Thousand ($20,000) Dollars." In the second, third and fourth counts are allegations substantially the same as those just quoted.  In its declaration the plaintiff does not seek to recover damages because of any injury to the realty.  It seeks compensation for the delay in the work of construction as the result of the sewage and waste water that flowed upon its land and the expense incident thereto.  The theory of fact of the plaintiff upon the trial was that the water and sewage leaked out of a broken, cracked, disconnected, obstructed and clogged system of drains,

and flowed upon the land of the plaintiff and delayed the work of construction, and caused the plaintiff to be put to extra expense. No evidence was introduced tending to show damages to the plaintiff because of any injury to the realty. In the brief of the plaintiff filed in this court before the death of John R. Thompson, counsel plainly takes the position that the suit is one for damages because of the interference with the work of construction of the building and the extra expense incident thereto.

It is very clear that this is not an action to recover damages for injury to real property. And, under the ruling in *Jones v. Barmm,* 217 Ill. 381, it is not an action to recover damages for injury to personal property. In our judgment, the death of the defendant John R. Thompson abates the cause of action as to him but it survives, under the statute, as to the surviving defendants.

The plaintiff contends, *inter alia,* that it made out a prima facie case of liability against the defendant John R. Thompson and that the trial court erred in granting the motion of all of the defendants to instruct the jury to find all of the defendants not guilty and in entering judgment on the verdict. After a careful examination of the evidence we have reached the conclusion that this contention is a meritorious one. The judgment was against the plaintiff and in favor of all of the defendants. It is a unit as to all of the defendants and if erroneous as to one it is erroneous as to all. It cannot be reversed as to one and affirmed as to others. *(Seymour v. O. S. Richardson Fueling Co.,* 205 Ill. 77.)

The fact that the present action now abates as to the defendant John R. Thompson does not mean that this appeal should be considered as if he were not a party to the suit in the court below. The plaintiff contends that the trial court erred in entering the judgment against the plaintiff and in favor of all of the

defendants, and it has a right to have this question determined by this court on this appeal, notwithstanding the death of the defendant Thompson.

In the view that we take of the case, it is unnecessary for us to decide whether the plaintiff made out a prima facie case as to any of the other defendants.

It is argued that even if John R. Thompson was otherwise liable, the judgment must be affirmed because the plaintiff alleged a joint liability on the part of the defendants and failed to prove the same. There is no merit in this contention. ''In an action of tort under a declaration charging two or more defendants with jointly injuring a plaintiff there may be a verdict and recovery against one, only, of the defendants, the rule in this regard being different in actions of tort from what it is in actions upon contract.'' *(Linquist v. Hodges,* 248 Ill. 491, 495.)

The trial court, in deciding the motion of the defendants to instruct the jury, stated that he would have felt bound to submit the question of the alleged negligence of the defendants to the jury for decision, and he based his ruling solely on the ground that the plaintiff was obliged to prove that it had sustained actual damages and that it had failed in this regard. The defendants contend that the trial court was justified in his ruling in the matter of damages and they argue that there is an absence of evidence in the instant case as to the extent of the pecuniary loss of the plaintiff; that the law requires such amounts to be specially proved; that where the circumstances of the case are such as to make the amount of damages difficult of exact ascertainment, it is nevertheless incumbent on the plaintiff to afford the jury some tangible means of arriving at the amount of damages and that the plaintiff failed in that regard. It is a sufficient answer to this contention to say that in any event if the plaintiff made out a prima facie case of

negligence against the defendant John R. Thompson it would have been entitled to nominal damages as to him.

For the reasons stated, the judgment· of the superior court of Cook county is reversed and the cause is remanded.

*Reversed and remanded.*

BARNES, P. J., and GRIDLEY, J., concur.