Anna J. Carpenter *vs.* United Electric Railways Company.

Walter P. Carpenter *vs.* Same.

NOVEMBER 27, 1953.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CapoTosto, J.  The plaintiffs in these two actions of trespass on the case for negligence, which were tried together to a jury in the superior court, are husband and wife.  After verdicts for personal injuries to the wife and for consequential damages to the husband, the trial justice conditionally granted defendant's motion for a new trial in the case of the former and denied it in that of the latter.  The cases are here on defendant's exceptions to such decisions, to rulings on evidence, and to the charge.  Since the husband's case is necessarily dependent on that of the wife, we shall hereinafter consider defendant's exceptions as though only her case is before us.

In view of our conclusions on the exception to the charge and on a certain evidentiary ruling, we purposely refrain from any detailed reference to or discussion of the evidence. It is sufficient for our purposes to say that according to the plaintiff, while boarding a bus of the defendant company on August 29, 1947, she was injured when she tripped on a mat in the vestibule of the bus.  The evidence for defendant is in serious conflict with such claim.

The plaintiff's declaration is in two counts.  The first

198

alleges that defendant's negligence consisted in permitting a "mat or carpet" that was "worn, torn and uneven" to be and remain in the vestibule of the bus; that, upon entering the bus and while in the exercise of due care, she "caught her toe in the worn, torn and uneven mat or carpet and was thereby caused to fall to the floor * * *." The second count alleges that defendant "negligently failed to warn" plaintiff that the mat or carpet in the vestibule was "worn, torn and uneven * * *." The narrow and specific acts of negligence thus alleged, to which defendant filed a plea of the general issue, were the only issues permissible for the jury to consider on the question of liability.

In the circumstances it was the duty of the trial justice to avoid instructions which, because of their generality, might lead the jury into the realm of conjecture and speculation. The instructions in a charge should be pertinent to the evidence and the issues made by the pleadings. Even though a charge be in general terms it would not ordinarily be ground for a new trial if it contained some language which fairly apprised the jury to confine their deliberations to the issues in the case. 3 Am. Jur., Appeal and Error, §1103, p. 630; 38 Am. Jur., Negligence, §370, p. 1089.

The portion of the charge covered by exception numbered 3 under consideration instructed the jury that they might find negligence if "the Defendent corporation, *in some way*, *did something* or allowed a condition to exist which a reasonably prudent person, under the same circumstances, would not have allowed to exist * * *." (italics ours) Shortly thereafter this instruction was repeated in substantially the same language. Nowhere in the charge did the trial justice at least imply that plaintiff could recover only upon proof of either of the specific grounds of negligence alleged in her declaration. To tell the jury that defendant was liable if in *some way* it did *something* in a negligent manner clearly changed, to the prejudice of defendant, the issues made by the pleadings.

We are not impressed by plaintiff's contention that the instruction in question was harmless, since the jury could not have been misled as the only negligence proved was that alleged in the declaration. This argument by retrospection is basically conjectural. It was apparently inspired by the case of *Diehl* v. *East St. Louis Light & Power Co.*, 188 Ill. App. 286, and *Pedroni* v. *Illinois Third Vein Coal Co.*, 205 Ill. App. 119. The instruction under examination in each of those cases was quite different in scope and character from the one presently before us.

Moreover when such charge is considered with defendant's exception numbered 2, the opportunity for prejudicial speculation by the jury becomes clear. Evidence had been admitted to show that plaintiff, while a passenger on one of defendant's busses, had been injured in an accident on April 11, 1943; that she then sustained a serious back injury for which an operation was performed at the Lahey Clinic in Boston; that she was later hospitalized at Saint Joseph's Hospital in Providence; and that she was incapacitated by such injury for a considerable time.

The defendant as part of its theory of defense sought to prove that her present claim was due proximately to the former accident and injury and the consequences thereof. Desiring in any event to exclude consideration thereof as a possible part of her damages, if any, in the instant case, defendant asked the following question: "Now, you were paid for the injury which you received in that accident of April 11, 1943?"

The plaintiff's objection to this question was sustained, but the trial justice then stated that he would clear up the matter in his charge. However, this was not done in the charge or elsewhere. In the circumstances the jury might reasonably have concluded that the negligence of the same defendant in the previous accident, having admittedly caused a serious back injury to plaintiff from which she may have been still suffering, could also be used as a basis

200

for a verdict here in accordance with the charge that permitted the jury to find that the defendant corporation was negligent if it "in some way, did something" to cause plaintiff's condition and the resulting damages, regardless of the specific negligence charged in the declaration.

In our judgment it was error to exclude such evidence, especially without a clarifying statement to prevent both the consideration of the former negligence as ground for recovery here and the possible double assessment of damages for the same injury. The jury evidently were misled in some such manner, because the trial justice in passing on defendant's motion for a new trial found that the award of damages was excessive.

Considering the erroneous exclusion of the above-mentioned evidence in connection with the extremely general nature of the charge as given, we cannot say that prejudice to the defendant did not result, and in our opinion justice between the parties requires the granting of a new trial on all issues in each case. In the circumstances it is unnecessary to consider the other exceptions.

The defendant's exceptions numbered 2 and 3 are sustained, and each case is remitted to the superior court for a new trial.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for plaintiffs.

*Frank J. McGee,* for defendant.