Anna J. Carpenter *vs.* United Electric Railways Company.

Walter P. Carpenter *vs.* United Electric Railways Company.

JUNE 10, 1958.

Present: Condon, C. J., Roberts, Andrews and Paolino, JJ.

426

PAOLINO, J. These two cases of trespass on the case for negligence were tried together before a justice of the superior court sitting wth a jury. The plaintiffs are husband and wife. The jury returned a verdict for personal injuries to the wife and for consequential damages to the husband. After the trial justice denied the defendant's motion for a new trial in each case the defendant prosecuted its bills of exceptions to this court. The cases are before us on the defendant's exceptions to certain evidentiary rulings, all other exceptions having been expressly waived.

In view of the nature of the issues raised by the four exceptions which defendant has briefed and argued, we do not deem it necessary to elaborate on the evidence. The plaintiffs' evidence in substance is that while boarding a bus of defendant on August 29, 1947 the plaintiff wife was injured when she tripped on a mat in the vestibule of the bus. She testified that on the day in question she caught her toe in a worn, torn and uneven mat in the vestibule and fell sustaining serious injuries. The defendant's evidence was in conflict with that of plaintiffs.

Because of the nature of the exceptions, it is pertinent to relate that the cases were originally tried in the superior court in 1952; that this trial resulted in verdicts for the plaintiffs; and that after an appeal to this court by defendant, its exceptions were sustained and the cases were remitted to the superior court for a new trial. *Carpenter* v. *United Electric Rys.*, 81 R. I. 196. It also appears from the record that a second trial of the cases in the superior court resulted in a disagreement by the jury. In 1957 the cases were tried for a third time in that court and resulted in verdicts for the plaintiffs on which the instant appeals are based.

The parties have briefed and argued the issues under two main points. Under point I, which is based on defendant's exceptions 3, 4 and 5, it contends that the trial justice committed reversible error in allowing Frank E. Phillips, an investigator for defendant who was called as a witness by plaintiffs, to answer certain questions in direct examination. It appears from the evidence that this witness had investigated the accident for defendant and had testified at the 1952 trial of these cases as its witness.

The plaintiffs' attorney during his direct examination of the witness in the instant trial was allowed to read from the transcript of the 1952 trial certain questions which the plaintiffs' attorney had asked him in cross-examination in that trial and his answers thereto. The witness was then allowed, over defendant's objection, to state whether he had so testified in the previous trial. The substance of the testimony given by the witness in the previous trial was that he had taken pictures of the bus in question after the accident; that he did not have such pictures with him at the time he was testifying in the 1952 trial; and that the mat was worn.

It appears from the record that after this testimony concerning the pictures was brought out in cross-examination in the previous trial, they were put in evidence by defendant. The plaintiffs' purpose in asking the questions which are the basis of such exceptions was to bring to the attention of the jury the manner in which and under what circumstances the pictures had been introduced in evidence in the 1952 trial. The defendant contends that the ruling of the trial justice permitting the introduction in the instant trial of testimony given at a former trial constitutes reversible error.

We cannot agree with defendant's contention on this issue. It was not necessary for plaintiffs to confront the witness with his testimony in the former trial in order to bring to the jury's attention the fact that he had taken such pic-

tures or that the mat was worn. All of this evidence was material and relevant to the issues in the instant cases. The plaintiffs had the right to question the witness about such testimony, and the answers would have been properly admissible. For these reasons, after carefully considering defendant's contentions relating to these questions and the authorities cited by it, and assuming without deciding that the rulings thereon were erroneous, it is our opinion that defendant was not prejudiced thereby and that such rulings did not constitute reversible error. *Monroe* v. *Lavimodiere*, 53 R. I. 500, 504; *Wilson* v. *New York, N.H. & H. R.R.*, 18 R. I. 598, 601.

As to the question relating to the circumstances under which the pictures were introduced in evidence in the 1952 trial, it is clear that plaintiffs were trying to get before the jury in the instant cases evidence concerning the conduct of the 1952 trial by defendant. Their purpose was to show that the pictures were introduced by defendant in that trial only after their existence had been elicited from the witness by plaintiffs in cross-examination. The trial justice's ruling admitting such evidence was in error. The question was clearly leading. *Wilson* v. *New York, N.H. & H. R.R.*, *supra,* at page 601. Moreover such evidence, pertaining as it did to the conduct of defendant in the 1952 trial, was not material or relevant in the instant cases. However, in our opinion, in view of all the other evidence, such ruling although erroneous was not prejudicial and therefore does not justify the granting of a new trial. *Ashton* v. *Higgins*, 80 R. I. 350, 357. Exceptions 3, 4 and 5 are overruled.

Under point II defendant has briefed and argued its exception 7 which is based on the trial justice's ruling sustaining plaintiffs' objection to the following question which Mrs. Carpenter was asked by defendant's attorney: "Now, the United Electric Railways Company settled that case with you, didn't it?" The question related to injuries received by her on April 11, 1943 while she was a passenger

on one of defendant's buses which was involved in an accident. Evidence had been admitted showing that she had then sustained a serious back injury; that she underwent an operation for such injury; and that she had been incapacitated for a considerable time. The defendant asked the question in order to exclude consideration by the jury of the prior injury as a possible part of her damages, if any, in the instant cases. It contends that the trial justice committed reversible error in excluding such evidence on the ground that the jury might have been misled into believing that the negligence of defendant in the previous accident could also be used as a basis for a verdict for her in the instant case.

It appears from the record that in making such ruling the trial justice indicated that he would take care of this matter in his charge. In his instructions to the jury, after observing that there had been a reference to a prior injury, he charged in substance that plaintiffs could not recover if the jury found that the injuries and damages claimed by them were due to the prior injury to the wife and were not the natural and probable consequences of the occurrence of August 29, 1947. The defendant contends that the instructions relating to the prior injury tended to confuse rather than clarify the issue. In effect it now argues that on this issue the trial justice erred in his instructions. However, since the record fails to disclose any exception by defendant to the instructions which it now seeks to attack, the instant contention is not properly before us.

The only issue before us under exception 7 is, therefore, the correctness of the trial justice's ruling sustaining plaintiffs' objection to the question relating to whether the plaintiff wife settled the 1943 case with defendant. In a previous appeal of these cases the court stated, in determining the correctness of the exclusion of a reply to a similar question: "In our judgment it was error to exclude such evidence, especially without a clarifying statement to prevent

both the consideration of the former negligence as ground for recovery here and the possible double assessment of damages for the same injury." *Carpenter* v. *United Electric Rys.*, 81 R. I. 196, 200. In the same case we stated at page 198: "Even though a charge be in general terms it would not ordinarily be ground for a new trial if it contained some language which fairly apprised the jury to confine their deliberations to the issues in the case. 3 Am. Jur., Appeal and Error, §1103, p. 630; 38 Am. Jur., Negligence, §370, p. 1089."

After carefully reading the entire charge of the trial justice we are satisfied that he fairly apprised the jury to confine their deliberations to the issues in the instant cases so as to prevent them from considering the negligence of defendant in the 1943 case as ground for recovery in the instant cases and the possible double assessment of damages by them for the same injury to the plaintiff wife. We are of the opinion that this conclusion is consistent with our decision in the prior appeal, *Carpenter* v. *United Electric Rys., supra.* In that instance the trial justice did not clarify his ruling as was done in the trial now under review. Moreover in the former trial the defendant's exception to the trial justice's charge was sustained on the ground that it was too general. There the court granted a new trial because it could not say that prejudice to the defendant did not result from a combination of both errors.

In the instant cases, however, it is our opinion that in view of his instructions on this issue the trial justice did not err in sustaining the plaintiffs' objection. In any event, assuming without deciding that such ruling was erroneous, we are convinced that the defendant was not prejudiced thereby since it must be assumed that the jury followed the instructions given them by the trial justice. Exception 7 is overruled.

All of the defendant's exceptions in each case are over-

ruled, and each case is remitted to the superior court for entry of judgment on the verdict.

*Sherwood & Clifford, Raymond E. Jordan, E. Howland Bowen,* for plaintiffs.

*Frank J. McGee,* for defendant.