JOHN REED, Executor of ANDREW SEED, Plaintiff in Error, v. THE PEORIA AND OQUAWKA RAILROAD COMPANY.

ERROR TO PEORIA.

Actions of trespass for injuries to realty, do not survive, and cannot be sustained by an executor.

THE motion to abate this suit was made before DAVIS, Judge, and was decided by him at March term, 1857, of the Peoria Circuit Court. The opinion gives an abstract of the case.

N. H. PURPLE, for Plaintiff in Error.

J. MANNING, for Defendant in Error.

SKINNER, J. Seed sued the defendant in an action of trespass. The declaration contained two counts.

1. For breaking and entering plaintiff's close, throwing down fences, breaking and treading down, eating up, destroying and carrying away the oats of the plaintiff—one hundred acres. Driving off and carrying away, and causing to be driven off, carried away and dispersed and lost, one hundred hogs of the plaintiff, and other wrongs, etc.

2. Same in substance.

Defendant pleaded the general issue.

After the commencement of the suit Seed died.

His death was suggested by his counsel, and Reed, his executor, substituted as plaintiff.

The defendant entered a motion that the suit abate, which the court sustained. Plaintiff's attorney excepted.

The only question in the case is, whether the cause of action survives in favor of the executor.

At common law, causes of action for trespasses to person or to property, did not survive either in favor of or against personal representatives, or heirs. The statute of 4 Edw. III., Chap. 7, and which is in force in this state, is held to have changed the common law only so far as relates to injuries to *personal* property; and the statute of 3 and 4 William IV., which saves to personal representatives causes of action for trespasses to personal and real property, does not affect the common law as received in this country. 1 Chitty's Pl. 68, 69 and 70.

Our statute provides that actions shall not abate by the death of a *sole* plaintiff, "if the cause of action survive to heirs, devisees, executors or administrators." Statutes 1836, Chap. 1, Sec. 7.

The statute has, therefore, left the survivorship of causes of action as the law was before, and by that law rights of action for trespasses to land did not survive.

But, it is contended, that the counts of the declaration, although for breaking and entering the plaintiff's *close*, allege trespasses to personal property therein, and that, therefore, the cause of action to that extent, at least survives. In actions of trespass the plaintiff may declare for a wrongful breaking and entry of his *close*, which is purely an injury to land, and, by way of *aggravation*, allege any other acts of trespass, upon the same occasion, committed therein to the land, the person, or personal property of the plaintiff, and recover damages for all. But if, in such case, he fails to establish the wrongful entry alleged, not having maintained the principal trespass or ground of action, he cannot recover for the consequences or incidents, as an assault and battery of his person, or injuries to his personal property therein.

The plaintiff, in actions of trespass, may join counts for trespass to land and for trespass to person, and to personal property, and in such case, each count being an independent cause of action, he may recover upon such counts as are sustained by proof, although he fail as to others.

The counts in this record are strictly for trespasses to land, alleging by way of aggravation, and not as the ground of action, other wrongs to the plaintiff, on the same occasion, upon the land committed and damages consequent thereon.

Actions for trespass to land are local, must be brought in the county where the land lies, by the common law, but actions for trespass to personal property and to person are transitory, and may be brought where the defendant may be found.

The rules here laid down are abundantly sustained by authority, and this court has no power to alter them. 1 Chitty's Pl. 69, 70 and 410, 411; Saund. Pl. and Ev. 1097; 2 Starkie's Ev. 813, 814; *Williams* v. *Breedon*, 1 Bos. and Pul. R. 329; *Emerson* v. *Emerson*, 1 Ventris R. 187; *Ropps* v. *Baker*, 4 Pick. R. 239.

*Judgment affirmed.*