JACOB GUYER, Plaintiff in Error, *v.* GEORGE WOOKEY, Defendant in Error.

ERROR TO PEORIA.

An action of ejectment does not abate by the death of a sole defendant, after service and before plea, under the statutes of abatement and ejectment in this state.

The action survives against the heir of a sole defendant, and against surviving defendants.

In Illinois the action of ejectment is a real action for the recovery of title, as well as possession, and is not an action for a tort.

PLAINTIFF commenced an action of ejectment against Stephen Wookey for the north-east quarter of section 23, in township 9 north, 8 east, in Peoria county. Declaration and notice served on the 25th of February, 1857.

After the service of the declaration, and before the filing of the same in the circuit court, Stephen Wookey died. At the next term after the service of the declaration, to wit: on the 19th of March, 1857, plaintiff filed his declaration, and entered a motion that George Wookey, the heir at law of Stephen, be made defendant in his stead, and, for a *scire facias* against him, to appear and answer to the suit, etc. The former attorney of Stephen Wookey suggested, as *amicus curiae*, that the said suit ought to abate. The court was of the same opinion, and gave judgment accordingly.

This decision is the error complained of. The cause was dismissed at March term, 1857, of the Peoria Circuit Court, DAVIS, Judge, presiding.

N. H. PURPLE, for Plaintiff in Error.

H. F. WAITE and E. G. JOHNSON, for Defendant in Error.

SCATES, C. J. We are of opinion that an action of ejectment does not abate, under our statutes of abatement and ejectment, by the death of a sole defendant, after service and before plea.

It is true this action abated at the common law, and it would seem that no provision has been made in the states whose

decisions have been cited. *Alley* v. *Hubbard*, 19 Pick. R. 243; *Bradstreet* v. *Clark*, 18 Wend. R. 620; *Tomkins* v. *Walters*, 6 Call. R. 45. On the death of the lessor of the plaintiff, the action survives in Kentucky. *Bonta et al.* v. *Clay*, 5 Littell Sel. Cas. 129.

What the phraseology of the statutes may be, is not shown in the report, and we, therefore, derive no aid from analogy in the interpretation of our own statute.

By our own act in relation to ejectment we think it has become strictly a real action for the recovery of title, as well as possession, and is not, technically even, an action for a tort. The twenty-sixth section of the act regulating ejectments (1 Purple's Stat. 507) provides that the "action of ejectment shall not be abated by the death of any plaintiff, or of one of several defendants, after issue, and before verdict and judgment; but the *same proceedings* may be had as in other actions to substitute the names of those who may succeed to the title of the plaintiff so dying, in which case the issue shall be triedas between the original parties; and in case of the deathof a defendant, the cause shall proceed against the other defendants." From the latter clause a limitation upon the meaning is inferred, confining it to the death of one of several defendants, and allowing a survivor of the cause only where there are several, and against the others only. If we adhere to so literal an interpretation, we might experience the same difficulty in sustaining an action under that section, after the death of one plaintiff, if there were several, for the act provides for a case of a single plaintiff and several defendants. But since the technical character of this action, as an action of tort, which does not survive, has been changed into a civil action for the recovery of title, and becomes the basis of assumpsit for the recovery of *mesne* profits (Secs. 37 to 44, inclusive); and this portion of the remedy is made to survive to administrators, etc., if plaintiff dies after issue, etc. (Sec. 44); and this portion of the remedy cannot be made unjust or oppressive to heirs, on allowing the action to survive against them, by thus authorizing a recovery of *mesne* profits for the time before the heir came into possession; for the recovery is confined to the time of defendant's own possession, with a full right of defense on all grounds, except such as were or might have been controverted in the action of ejectment. Secs. 39, 40 and 41.

No well grounded objection, we think, can be made to an interpretation which will give a general meaning to the language of the twenty-sixth section, or to applying the provisions of the act in relation to abatements, on account of the technical character of the action, as for tort, nor for its involv-

ing heirs in the *mesne* profits received by their ancestor, for it no longer sustains that character, nor would such liability accrue against an heir when substituted. We may, therefore, look to the provisions of the act in relation to abatements, freed from embarrassment growing out of such consequences as supposed.

Looking to the provisions of that act, we find it preserves from abatement all causes of action which are not absolutely lost and gone by the death; and they are made to survive to those who could bring another action for the same, and against those who would be liable to that action. (1 Purple's Stat. 74–5, Secs. 6 to 15 inclusive.) Such is the general principle adopted in that act. The material inquiry is, does the cause of action survive? Although the action, as an action of trespass and wrong to the ancestor, might not descend or survive to the heir, as in under the ancestor, yet there is no question but that the title did descend, and the right of action to try and recover it remained as a writ of right. And the heir had the same right as the ancestor to allege a fictitious ouster of himself from the possession, and the defendant was compelled to confess it, under the rule to confess lease, entry and ouster.

The only inquiry is, as we have said, as to the survivor of the right—whether that be title or possession, and to whom it belongs, in order to substitute a plaintiff. And to know who shall be summoned as defendant, we inquire upon whom the law casts the right claimed in the action, or the responsibility of answering for the sum of money or damages to be awarded plaintiff in the action. Where no one is entitled to the one, nor liable to the other, the cause of action does not survive. But where both are true in law and fact, the action survives to the party next entitled, and against the party next liable, as claimant of the specific thing in dispute, or the estate out of which the recovery is to be satisfied.

Testing the case upon these plain principles, and we have no difficulty in finding the heir of a sole defendant, a proper substitute in an action of ejectment, in which his title, as heir, and that of his ancestor, are both in issue. Were a new suit brought against him, as heir, no more or less would be put in issue if he contested the plaintiff's title. If he do not, he may renounce as well under the revival as upon a new suit.

So under every aspect of the case, and, without violating any of the old technicalities or analogies of the common law, in principle, we think this action now survives as well against the heir of a sole defendant as against surviving defendants.

Judgment reversed and cause remanded for further proceedings.

*Judgment reversed.*