ALBERT C. JONES

*v.*

ANTJE BARMM, Admx.

*Opinion filed October 24, 1905.*

ACTIONS AND DEFENSES—*when action does not survive.* An action to recover damages for an alleged tort in hindering, injuring and interfering with plaintiff's business by ejecting customers from his place, denying them entrance, falsely representing that plaintiff had moved, etc., does not survive the death of the defendant, either at common law or under section 123 of the Administration act.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

Appellant, Albert C. Jones, began an action on a case in the circuit court of Cook county against one Frank H. Barmm. On March 11, 1903, after the commencement of

the suit, Frank H. Barmm died. His administratrix was substituted as party defendant and a summons was issued against her. On July 21, 1903, she filed her plea in abatement, alleging the death of Frank H. Barmm, and that the cause of action set forth in the declaration did not survive. A demurrer was filed to the plea, which was overruled and an order entered abating the suit, together with a judgment for costs against the plaintiff. This judgment has been affirmed by the Appellate Court and a further appeal has been prosecuted to this court.

Thomas J. O'Hare, for appellant.

E. A. Aborn, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

The sole question is whether or not the action was one which survived. The declaration alleges that Barmm, on July 1, 1902, began and instituted a persistent and malicious interference with plaintiff's business, by ejecting one of the plaintiff's customers from his place of business by denying and barring entrance to plaintiff's place of business to a customer; by falsely representing that plaintiff had removed his place of business; by bringing a reporter of a newspaper to take a picture of plaintiff while he was engaged with a customer, and suddenly throwing open the door to plaintiff's office, wherein plaintiff and the customer were in consultation, and demanding in loud, boisterous tones the acquiescence of plaintiff and his customer in taking their picture together; by removing plaintiff's name from his office door, and by other and divers acts. It is very apparent from these allegations of the declaration that the suit was brought to recover for an alleged tort of deceased in hindering, injuring and interfering with plaintiff's business. At common law, actions of tort did not survive the death of the sole plaintiff or defendant. Therefore if this action survives at all it must be by virtue of some statutory provision.

It is insisted by plaintiff that the action survives by virtue of section 122 of chapter 3, Hurd's Statutes of 1903, page 125, which is as follows: "In addition to the actions which survive by the common law, the following shall also survive: Actions of replevin, actions to recover damages for an injury to the person, (except slander and libel,) actions to recover damages for an injury to real or personal property, or for detention or conversion of personal property, and actions against officers for misfeasance, malfeasance or nonfeasance, of themselves or their deputies, and all actions for fraud and deceit." We cannot agree with this contention. In the section above quoted, actions of slander and libel are expressly excepted. The cause of action alleged in this declaration is to a certain extent in the nature of an alleged slander uttered by Barmm against plaintiff's business. The damage occasioned was not to any particular piece of tangible personal property owned by the plaintiff, but was a damage to his business which could not be seen with the naked eye, but could only be estimated in a rough way by a money value or by loss of trade or profit. If the case comes under any provision of the statute it must be the one with reference to actions to recover damages for an injury to personal property. Taking into consideration the well known meaning of the term "personal property" and the connection in which it is used in the statute, we are of the opinion that it was not the intention of the legislature that it should be applied to the right of action occasioned by the malicious interfering by one person with the business of another, but was intended to apply only to actions for damages to tangible articles and things movable,—to chattels, as distinguished from actions for damages to one's business.

The action did not survive, and the demurrer to the plea was properly overruled, and the judgment will be affirmed.

*Judgment affirmed.*