## John R. Rutter et al., Executors, Appellees, v. Agnes McDonnell Maher et al., Appellants.

### Gen. No. 14,494.

1. FORCIBLE ENTRY AND DETAINER—*character of action of.* The action of forcible detainer while not a common law action is an action at law relating to real property.

2. ABATEMENT—*when death of sole defendant does not effect.* The action of forcible detainer survives as against the heirs of a sole defendant.

3. LANDLORD AND TENANT—*rights of heirs of lessee.* The rights of the heirs of a lessee are no greater than the rights of such lessee would have been; if it appears that the right of possession of the lessee had terminated prior to her death and an action of forcible detainer had been instituted against such lessee, recovery of possession may be had by the lessor from the heirs upon their refusal to surrender their possession and being substituted as parties defendant to the action.

Forcible detainer. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed March 26, 1909.

**Statement by the Court.** This action in forcible detainer was commenced by appellees against one Mary McDonnell before a justice of the peace of Cook county, Illinois, on August 14, 1903, to recover possession of the property described in the record. The trial before the justice of the peace resulted in a judgment for appellees and against the defendant, Mary McDonnell, for the possession of the premises. Mary McDonnell perfected an appeal from the judgment to the Circuit Court. When the cause was reached for trial in the Circuit Court, February 18, 1907, the attorneys for appellants informed the court that Mary McDonnell, the defendant, had died in the preceding December, and thereupon the case was passed to be taken up for trial on five days' notice.

On March 7, 1907, the plaintiffs suggested the death of the defendant, and moved the court for leave to substitute as defendants in the cause Agnes McDon-

nell Maher, William Maher and James McDonnell, heirs of Mary McDonnell, deceased, former defendant, and for a summons to issue against said new defendants. An order of court was thereupon entered directing that the cause proceed against said heirs of Mary McDonnell and that a summons issue against them. The summons was duly issued and served on the new defendants by the sheriff on March 11, 1907. The new defendants entered their appearance in writing by their attorney on April 17, 1907.

The cause was then placed on the trial calendar and was reached for trial on September 20, 1907, and the trial resulted in a verdict and judgment in favor of the plaintiffs and against the defendants for possession of the premises.

The evidence in the record tends to show that the original defendant, Mary McDonnell, in her life-time leased the premises in question, with other premises, from the plaintiffs, appellees, by a written lease dated May 1, 1883, for one year for fifty dollars, providing among other things that in order to enforce forfeiture for non-payment of rent it shall not be necessary to make demand on the day rent shall become due, but failure to pay the same at the place provided, or a demand and refusal to pay on the same day or at any time on a subsequent day shall be sufficient, and after such default shall be made, the party of the second part, and all persons in possession under her, shall be deemed guilty of forcible detainer of said premises under the statute. The lease further provided, ''The covenants herein shall extend to and be binding upon the heirs, executors and administrators of the parties to this lease''.

The second lease between the same parties is dated April 28, 1887, and leased the same premises from May 1, 1887, to May 1888, and contained the same covenants.

The evidence in the record tends to show that in the year 1890, or 1891, appellees having sold off por-

tions of the land to the Santa Fe Railroad Company and to the Sanitary District of Chicago, there was left only a small portion of the land formerly occupied by Mary McDonnell, the lessee. This land was not fenced, and the agent of appellees, under a mistaken belief that the house occupied by Mary McDonnell and appellants was included in the land belonging to the Drainage District, did not press Mrs. McDonnell for rent or for possession for several years, when a survey was made and it was discovered that the house in which Mrs. McDonnell and appellants lived was on the land still owned by appellees. Possession was demanded of Mary McDonnell, lessee, and she refused to give possession. On January 9, 1903, a written notice for the possession of the premises was served upon her, and she refused to give possession. This action was then brought against her to recover the possession. Mary McDonnell, Agnes McDonnell Maher, William Maher and James McDonnell occupied the premises in question until the time of the death of Mary McDonnell in December, 1906, and appellants still continue to occupy the premises.

EDWARD J. KELLEY and HENRY J. GIBBS, for appellants.

CRAFTS & STEVENS, for appellees.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Appellants contend that upon the death of Mary McDonnell, the sole defendant, this action abated.

The action of forcible detainer, while not a common law action, is an action at law relating to real property. St. Louis Stock Yards v. Wiggins Ferry Co., 102 Ill. 514, 520. As such we think it falls within the provisions of sections 11 of chapter 1, entitled Abatement, of the Revised Statutes. In Guyer v. Wookey, 18 Ill. 536, the court held that the action of ejectment

survived under this section of the statute, although at common law the action did not survive. At page 538 of the opinion the court say: "The only inquiry is, as we have said, as to the survivor of the right,— whether that be title or possession,—and to whom it belongs, in order to substitute a plaintiff. And to know who shall be summoned as defendant, we inquire upon whom the law casts the right claimed in the action, or the responsibility of answering for the sum of money or damages to be awarded plaintiff in the action. Where no one is entitled to the one, nor liable to the other, the cause of action does not survive. But where both are true in law and fact, the action survives to the party next entitled, and against the party next liable, as claimant of the specific thing in dispute, or the estate out of which the recovery is to be satisfied.

"Testing the case upon these plain principles and we have no difficulty in finding the heir of a sole defendant, a proper substitute in an action of ejectment, in which his title, as heir, and that of his ancestor, are both in issue. Were a new suit brought against him, as heir, no more or less would be put in issue if he contested the plaintiff's title. If he do not he may renounce as well under the revival as upon a new suit.

"So under every aspect of the case, and, without violating any of the old technicalities or analogies of the common law, in principle, we think this action now survives as well against the heir of a sole defendant as against surviving defendants."

So here, in this statutory action at law, where the right of possession is involved as in ejectment, no reason is apparent why under the section of the statute above cited, the action of forcible detainer should not survive as well against the heirs of a sole defendant as the action of ejectment, for which it is a substitute, or additional remedy, in certain cases provided in the statute. Nothing could be gained, and no

right would be subserved by requiring the plaintiffs to dismiss the action against Mary McDonnell, and compelling them to commence a new suit against the appellants.

The evidence is undisputed that Mary McDonnell leased the premises from appellees and paid rent for and occupied the premises under the lease; that after the expiration of the lease a written demand was made upon her to deliver up the possession thereof and that she refused to surrender the possession, and that she remained in possession until her death. It also appears that appellants are the heirs of Mary McDonnell and that they lived with her on the premises up to the time of her death, and that they continued to occupy the premises after her death, refusing to vacate the same. Appellants are bound by the covenants of the lease and have no other or greater rights than Mary McDonnell had at the time of her death. Hence appellees have the right to bring an action against them of forcible detainer for the possession of the premises, and in our opinion the case falls within the letter and intent of section 11 of the Abatement Act, and appellants were properly brought before the court in this action.

Under the facts shown in the record appellants are in possession of the premises in question under Mary McDonnell and must surrender possession to her landlords. Their refusal so to do makes them liable in this action, her right of possession having been terminated prior to her death. Hardin v. Forsythe, 99 Ill. 312–321; Doty v. Burdick, 83 *id.* 473–478; Cox v. Cunningham, 77 *id.* 545.

The trial court did not err in refusing to give the peremptory instruction requested by appellants, for no defense to the action was shown by the competent evidence offered. For the same reason the court did not err in giving to the jury the peremptory instruction in favor of the plaintiffs. There is no evidence

in the record on which in the eye of the law the jury could reasonably find in favor of appellants.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*