Allman v. Kelly, 240 Ill. App. 377.

---

## Verna Allman, Appellant, v. Estate of John Kelly, Deceased, Appellee.

### Gen. No. 30,521.

1. SAVING QUESTIONS FOR REVIEW—*sufficiency of assignments of error to preserve question of survival of cause of action.* Where an appellant assigned as error the action of the trial court in sustaining defendant's plea *puis darrein continuance* and in dismissing plaintiff's case at her costs, and afterwards, under leave of court, filed an additional assignment directed specifically to the action of the trial court in overruling her demurrer to such plea, such assignments effectually saved for review the question whether the plaintiff's right of action survived the death of the original defendant.

2. APPEAL AND ERROR—*consideration of sufficiency of declaration on appeal from orders and judgment sustaining plea puis darrein continuance.* On appeal from an order of the trial court sustaining defendant's plea *puis darrein continuance* and dismissing the action at plaintiff's costs, and from a judgment against plaintiff

for costs following the overruling of her demurrer to a like plea to her amended declaration, the question of the sufficiency of the declaration as stating a cause of action against the original defendant is not open to consideration.

3. PLEADING—*admissions by filing plea puis darrein continuance.* When a plea *puis darrein continuance* is filed the cause of action is admitted to the same extent as if no other defense were urged other than the matter contained in such plea.

4. PLEADING—*purpose of plea puis darrein continuance.* A plea *puis darrein continuance* is interposed for the purpose of introducing new matter which has come to the knowledge of the party pleading it, subsequent to a joinder in issue.

5. ABATEMENT AND REVIVAL—*survival of action for forcible dispossession of vendee of lessee resulting in destruction of vendee's business in premises.* A declaration alleging that the owner of premises on which plaintiff was conducting a garage business, which garage plaintiff had acquired by bill of sale from such owner's tenant covering the leasehold and certain personal property in the garage, with force and arms dispossessed plaintiff of such premises and property, and installed another tenant therein, thereby destroying plaintiff's profitable business of conducting such garage and depriving her of the leasehold, held not to state a cause of action for injury to either real or personal property, or for conversion thereof, within the meaning of Cahill's St. ch. 3, ¶ 125, providing for the survival of such actions in the event of the death of such owner.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. JOHN A. SWANSON, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1925. Affirmed. Opinion filed May 5, 1926.

FOREST GARFIELD SMITH, for appellant.

GALLAGHER, SHULMAN, ABRAMS & HENRY and ZIV, LOOMIS & SILVERTRUST, for appellee.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

The plaintiff, Verna Allman, filed a declaration in her suit against the defendant, John Kelly, in which she alleged that she was the owner of a garage business located in premises leased from the defendant, by

virtue of an assignment of the lease, she having acquired this garage by a bill of sale from a former tenant, the bill of sale including certain personal property located in the garage, and the leasehold; that the business was being conducted at a profit when the defendant, with force and arms, entered the garage and put all the automobiles found therein, which belonged to customers of the plaintiff, out into the street, and put all other personal property of the plaintiff, which was in the garage, into the street, which resulted in destroying the plaintiff's business and that thereafter the defendant installed another tenant in the garage business in the premises, thus depriving the plaintiff of the use and enjoyment of the premises, and the profits she would have received in conducting her business therein. The defendant filed an appearance and filed a plea of the general issue. Afterwards the death of the defendant was suggested and the executrix of his estate filed a special appearance, solely for the purpose of filing a plea *puis darrein continuance*. After this plea was filed, the plaintiff, pursuant to leave of court, filed an amended declaration, in which she complained of the same matters alleged by her in her original declaration, and claimed further that they amounted to a conversion of her business and personal property and a destruction of her leasehold and business she was carrying on in the leased premises. The defendant executrix filed another plea, *puis darrein continuance*, to the amended declaration, and the plaintiff demurred *ore tenus* to this plea. The trial court overruled the demurrer to the special plea, sustained the plea and entered judgment against the plaintiff for costs. To reverse that judgment the plaintiff has perfected this appeal.

The only question involved on this appeal is whether or not the plaintiff's right of action survived the death of the defendant. The plaintiff contends that it did because she has sued for the conversion of personal

property and the trespass upon her right to quiet enjoyment of her leasehold.

The defendant contends that the plaintiff's assignment of errors is not sufficient. With that contention we are unable to agree. The second error assigned by the plaintiff is to the effect that the trial court erred in sustaining the defendant's plea and in dismissing the plaintiff's case, at her costs. Pursuant to leave granted by this court, on motion duly made, plaintiff has filed an additional assignment of error, specifically assigning as error the action of the trial court in overruling plaintiff's demurrer to the plea.

The defendant further contends, in support of the judgment appealed from, that the plaintiff's declaration fails to state a cause of action against the original defendant. In our opinion this question is not open for consideration on this appeal. As pointed out in 31 Cyc. 127, ''defects in the declaration itself cannot be taken advantage of by a plea in abatement. In such cases a demurrer is the proper remedy.'' When a plea *puis darrein continuance* is filed, ''the cause of action is admitted to the same extent as if no other defense had been urged than that contained in this plea. Everything is confessed except the matter contested by the plea *puis*.'' *Angus v. Chicago Trust & Savings Bank,* 170 Ill. 298; *Ripley v. Leverenz,* 183 Ill. 519. A plea *puis darrein continuance* is interposed for the purpose of introducing new matter or matter which has come to the knowledge of the party pleading it, subsequent to a joinder in issue. The only matter sought to be raised by the defendant, through the filing of this plea, is that subsequent to the last previous pleading the defendant, John Kelly, had died, leaving a will appointing Catherine Kelly executrix of his estate; ''wherefore she prays judgment that the plaintiff ought not further to maintain her aforesaid action.'' That put in issue the sole question of whether the cause of action stated by the plaintiff in her dec-

laration survived the death of the original defendant. In our opinion, the trial court did not err in holding that it did not.

One thing of which the plaintiff complains in her declaration is that John Kelly dispossessed her, resulting in damage to and destruction of her business. In *Jones v. Barmm,* 217 Ill. 381, the plaintiff complained of the action of the defendant in instituting a persistent and malicious interference with the plaintiff's business, in a number of ways set forth in the declaration. Pending a decision of the case, the defendant died, and the executrix of his estate was substituted as party defendant and she filed a plea in abatement, alleging the death of the original defendant and that the cause of action was not one which survived. The Supreme Court pointed out that the plaintiff's contention was that the action did survive under the provisions of the Administration Act, Cahill's St. ch. 3, ¶ 125, which provides that: ''In addition to the actions which survive by the common law, the following shall also survive: Actions of replevin, actions to recover damages for an injury to the person, (except slander and libel), actions to recover damages for an injury to real or personal property, or for the detention or conversion of personal property, and actions against officers for misfeasance, malfeasance or nonfeasance of themselves or their deputies, and all actions for fraud or deceit.'' The court then pointed out that the cause of action alleged in the declaration there filed was to a certain extent in the nature of an alleged slander uttered by the original defendant against the plaintiff's business, which was one of the causes of action expressly excepted by the statute. The court then further pointed out that the damage complained of by the plaintiff was not to any particular piece of tangible personal property owned by him, ''but was a damage to his business which could not be seen with the naked eye, but could only be estimated

in a rough way by a money value or by loss of trade or profit. If the case comes under any provision of the statute it must be the one with reference to actions to recover damages for an injury to personal property. Taking into consideration the well known meaning of the term 'personal property' and the connection in which it is used in the statute, we are of the opinion that it was not the intention of the legislature that it should be applied to the right of action occasioned by the malicious interfering by one person with the business of another, but was intended to apply only to actions for damages to tangible articles and things movable,—to chattels, as distinguished from actions for damages to one's business.''

But the plaintiff complains further that the actions of the defendant resulted in the destruction of her leasehold estate. In her declaration she alleged that on August 8, 1922, when the acts of the defendant complained of were done, she was in possession of the premises under a lease from the defendant, as owner, which had been assigned by a previous tenant, to her, the plaintiff. A leasehold interest is sometimes treated as personalty (*Thornton v. Mehring*, 117 Ill. 55) and sometimes as real estate (*People ex rel. Healy v. Shedd*, 241 Ill. 155, 165). Treating the leasehold estate possessed by the plaintiff in the case at bar, which she claims was damaged and destroyed by reason of the actions of the original defendant complained of, as personal property, it would seem to be clear that her cause of action, so far as it involved such leasehold estate, did not survive the death of the original defendant, in view of what the Supreme Court said in *Jones v. Barmm, supra*. The latter case was referred to with approval by the Supreme Court in the later case of *Shedd v. Patterson*, 312 Ill. 371, where that court said that in construing statutes ''the court takes words in their ordinary and accepted meaning in popular use. (Citing cases.) The rule was applied to the

survival statute in *Jones v. Barmm,* 217 Ill. 381, and personal property was held in the popular meaning to include only articles or things movable.'' We reach the same result if we treat the plaintiff's leasehold interest as real property. In *Shedd v. Patterson, supra,* the court said: ''The statutes providing for the survival of actions vary considerably, and some may be broad enough to embrace an injury *to a right or interest growing out of real estate,* but our statute is limited, in terms, to actions to recover damages for an injury to real property.'' After calling attention to the fact that in *Jones v. Barmm, supra,* the court, in applying the survival statute to personal property, had held that that term must be confined to its popular meaning, and considered as including ''only articles or things movable,'' the court said: ''The same rule applies to real property, and the statute includes only such property in the common understanding.''

The plaintiff contends that she is complaining also of the acts of the original defendant, which she alleges resulted in the conversion of her personal property, but in our opinion it is clear that the facts alleged by the plaintiff in her declaration are not such as to establish a conversion, and, therefore, the plaintiff may not successfully contend that her cause of action comes within that phrase of the survival statute which is to the effect that such actions shall survive. In support of her contentions the plaintiff has called our attention to *Genslinger v. New Illinois Athletic Club of Chicago,* 229 Ill. App. 428, and *Northern Trust Co. v. Palmer,* 171 Ill. 383. In our opinion, neither of these cases is applicable to the situation presented in the case at bar. The court held in the first case that a certificate of membership in a club could be physically injured, within the meaning of the survival statute, but that the damages recoverable would only be nominal, and further that such a certificate of membership could

be the subject of conversion within the meaning of the survival statute. The court distinguished the situation there presented from that involved in *Jones v. Barmm, supra.* In the *Northern Trust Co.* case, there was an injury to tangible personal property of the plaintiff, and no such question was involved as is before us in the case at bar.

For the reasons stated, the judgment of the circuit court is affirmed.

*Judgment affirmed.*

TAYLOR and O'CONNOR, JJ., concur.