Peter William Periard, Administrator of Estate of William Joseph Periard, Deceased, Plaintiff-Appellant, v. Edward R. Nelson and Miller Amusement Enterprises, Inc., Defendants-Appellees.

Gen. No. 11,017.

Second District.
September 27, 1957.
Released for publication October 15, 1957.

Ben C. Brostoff, and J. Norman Goddess, of Chicago, for appellant.

Johnson, Sandberg & McGrath, of Chicago, for appellee.

PRESIDING JUSTICE DOVE delivered the opinion of the court.

The question to be decided on this appeal is whether an administrator may maintain an action for damages to his intestate's personal property, when at the same time he is proceeding with an action under the Wrongful Death Act for damages resulting from his intestate's death, where the damages to the personal property of plaintiff's intestate and his death resulted from the same accident.

William Joseph Periard was killed on June 30, 1955, as the result of a motor vehicle collision. Plaintiff, his administrator, on February 3, 1956, filed his complaint in the Circuit Court of DuPage county. Count one was brought under the Wrongful Death Act of this state (Ill. Rev. Stat. 1955, chap. 70, secs. 1–3). Decedent's automobile was demolished in the same accident that caused his death and his administrator, by count two of his complaint, sought to recover damages therefor under the provisions of the Survival of Action Statute (Ill. Rev. Stat. 1955, chap. 3, sec. 339, par. 494).

Defendants answered the first count of the complaint and the issues thus made are pending in the Circuit Court. To count two of the complaint defendants filed their motion to dismiss on the ground that the survival statute applies only to actions which existed and were pending at the time of the death of the decedent and that the cause of action alleged in count two of the complaint does not survive when a wrongful death action is pending where both causes of action arise out of the same incident. The trial court sustained defendants' motion to dismiss count two and, from an appropriate final judgment rendered in bar of the action, plaintiff appeals.

Counsel for appellee insist that the Wrongful Death Statute creates an exclusive cause of action where the death of a person is caused by the negligence of a tortfeasor, and in order for a cause of action to survive it is essential that an action be pending or in existence at the time of decedent's death.

It is insisted by counsel for appellant that an action to recover damages for the injury to, or destruction of, personal property is separate and independent of a cause of action for wrongful death; that under the common law an action for damages to personal property survived and under the specific wording of our statute (Ill. Rev. Stat. 1955, chap. 3, par. 494, sec. 339) an administrator may recover damages for injury to, or destruction of, personal property of his intestate.

Holton v. Daly, 106 Ill. 131, cited by counsel for both parties, was an action to recover for injuries which plaintiff sustained through the alleged negligence of the defendant caused by the bursting of an emery wheel. The plaintiff recovered a judgment which the Appellate Court reversed. Upon remandment to the Circuit Court, the death of the plaintiff was suggested and his administrator was substituted as plaintiff. A second trial was had, resulting in a judgment for the plaintiff which was affirmed by the Appellate Court. In reversing the judgment of the Appellate and Circuit Courts the Supreme Court held that the action for personal injury merged into the death action under the Wrongful Death Act. In its opinion, the court noted that under the Wrongful Death Act an action which would have terminated at common law survived and that if the administrator were allowed to continue the action for the personal injuries which his intestate had suffered the administrator would then have two causes of action for the same wrong, one for the personal injuries which his intestate sustained and the other for his death; that both causes of action contain some of the same elements of damage and thus might result in two recoveries for the same wrong. The court held that under the provisions of the Wrongful Death Act the cause of action was the wrongful act, neglect or default of the defendant; that no damages could be allowed for pain and suffering which decedent under-

went or for his medical attendance or nursing but the damage for which there may be a recovery is purely that arising from pecuniary loss. The court went on to say that the Survival Act of 1872 did not repeal the Wrongful Death Act and that injuries to the person not resulting in death, in case of the death of the injured party from some other cause survive to the personal representative.

The question presented for determination in Clancey v. McBride, 338 Ill. 35, was whether a tortious act which causes a personal injury and property damage gives rise to a single cause of action or to a cause of action for each of the two rights infringed. It appeared in that case that Marie Clancey was injured and her automobile which she was driving was damaged when it collided with an automobile driven by Thomas McBride at a street intersection. To recover compensation for the damage to her car she sued McBride in a justice of the peace court and recovered $275, which judgment McBride satisfied. Thereafter she brought another proceeding in the Superior Court of Cook county to recover damages for her personal injuries. She recovered a judgment which the Appellate Court reversed, holding that since a single tortious act caused both the damage to her automobile and the injuries to her person she could maintain only one suit for the damages which ensued and, therefore, the judgment rendered by the justice of the peace constituted a bar to her action to recover for her personal injuries. In reversing the judgment of the Appellate Court and affirming the judgment of the superior court, the Supreme Court, speaking through Mr. Justice DeYoung, said (pp. 38–9): "A single negligent act from which personal injury and property damage ensue simultaneously does not necessarily make its consequences inseparable or result in a single grievance! If two persons are injured by the same tortious

569

act, two grievances result and two actions are maintainable. Likewise, if the same negligent act causes injury to a person and damage to the property of another in his custody, two causes of action arise, one in favor of the person injured and the other to the owner of the damaged property. On the other hand, if a horse and vehicle owned by the same person are damaged by the wrongful act of another, the owner will have a single cause of action for the damage to both. If, however, as the result of such an act, the owner is injured and his vehicle is damaged, two separate and distinct wrongs are inflicted upon him for two of his rights, first, the right to the uninterrupted enjoyment of his body and limbs, and second, the right to have his property kept free from damage, are invaded. While both wrongs result from a single tortious act, yet the consequences of that act, it seems, give rise to a distinct cause of action for the vindication of each of the violated rights." The court then quoted from Brunsden v. Humphrey, L. R. 14 Q. B. Div. 141, and Reilly v. Sicilian Asphalt Paving Co., 170 N. Y. 40, and discussed the many distinctions between the two causes of action and on pages 40 and 41 said: "If the personal injury result in death, a cause of action arises by statute for the benefit of the widow and the next of kin of the decedent, while the right to recover for the damage to property is preserved for the benefit of the decedent's estate. . . . Where injury to the person and damage to property are caused by the same negligent act different rights are infringed for the vindication of which distinct causes of action exist. Manifestly these causes of action accruing to the same person may be joined in a single suit in a court of competent jurisdiction. The recovery of a judgment, however, for the damage to property is not a bar to a subsequent action to recover damages for injuries to the person."

■ An action for damages to personal property survived the death of the plaintiff by the common law of this state because there was incorporated in our statute the English statute of 4 Edward III, Ch. 7 which gave an action in favor of a personal representative for injury to personal property. (Reed v. Peoria & O. R. Co., 18 Ill. 403; Shedd v. Patterson, 312 Ill. 371, 373–4.) Therefore, plaintiff, in the instant suit, could have relied upon the common law. Our survival statute, referred to by the pleader in the second count of the instant complaint provides that in addition to the actions which survive by the common law, actions to recover damages for an injury to real or personal property shall also survive. (Ill. Rev. Stat. 1955, chap. 3, Sec. 339, par. 494.) Notwithstanding this statute refers specifically to actions to recover damages for an injury to personal property it does not follow that an action for damages to personal property did not survive prior to the passage of the survival statute of 1872. (Moore v. Backus, 78 F.2d 571, 576.) In Holton v. Daly, 106 Ill. 131, the court stated there was no repugnance between the provisions of the Survival Act and the Wrongful Death Act and held that the Survival Act of 1872 was not intended to apply to cases embraced by the Wrongful Death Act.

The defendants assert that the survival statute requires, as an essential element, that an action be pending at the time of a decedent's death in order for it to survive. No authority is cited in support of this contention. Counsel base their argument upon the fact that the statute uses the word "action" and not "causes of action," and that there is a distinct difference between the two. However, an examination of the authorities shows that the legislature and the courts have used these terms interchangeably. In Genslinger v. New Illinois Athletic Club, 229 Ill. App. 428, this point was raised. The court there, in connection with

571

its discussion of the provisions of Section 123 of the Administration Act, being the survival statute, and after referring to and quoting from Holton v. Daly, 106 Ill. 131, 139, said (p. 451): "We deem it unnecessary to cite further cases on this point. The above authorities are sufficient to show that the courts of this state, like the courts of others, have used the terms 'action', 'causes of action' and 'right of action' synonymously. We are of the opinion that the word 'action' as used in Section 123 means 'causes of action' or 'right of action' and is not limited in meaning to an action actually commenced in court."

It was said in Clancey v. McBride, 338 Ill. 35, at p. 39 that if the owner of a vehicle is injured and his vehicle damaged as the result of the same tortuous act, two separate and distinct wrongs are inflicted upon him because two of his rights have been involved: first, the right to the uninterrupted enjoyment of his body; and, second, the right to have his property kept free from damage. So in the instant case, plaintiff's intestate had the right, first, to the uninterrupted enjoyment of life itself, and, second, the right to have his property kept free of damage and, as said in the Clancey case, supra, while both wrongs result from a single tortuous act, yet the consequences of that act give rise to a distinct cause of action for the vindication of each right. First, the statute (Wrongful Death Act) affords a remedy for the benefit of the widow and next of kin of the decedent for the wrongful death of plaintiff's intestate, while the right to recover for the damage to decedent's automobile is preserved for the benefit of decedent's estate.

█ The cause of action set forth in count two of the complaint is independent of the cause of action arising out of the wrongful death of plaintiff's intestate and, in our opinion, survives and may be

572

brought by the administrator for the benefit of the estate of his intestate.

The judgment appealed from is reversed and this cause is remanded to the trial court with directions to overrule defendant's motion to dismiss.

Reversed and remanded with directions.

CROW, J., concurs.