(No. 48641.—

CHARLES SICKLER v. NATIONAL DAIRY PRODUCTS CORPORATION *et al.*, Appellees.—(Johnnie Sickler, Ex'r, Appellant.)

*Opinion filed June 1, 1977.—Rehearing denied Oct. 3, 1977.*

Joseph T. McGuire, of Perz & McGuire, of Chicago (Garson H. Wernick, of counsel), for appellant.

Harold A. Baker and Arthur D. Nicol, of Champaign, for appellee Humko Products Division of Kraftco Corp.

T. G. Knappenberger, Jr., of Champaign, for appellee Wesley Construction Co.

Phillips, Phebus, Tummelson & Bryan, of Urbana (Hurshal C. Tummelson, of counsel), for appellee Harlan E. Moore & Co.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Johnnie Sickler, executor of the estate of Charles Sickler, deceased (hereafter plaintiff), appealed from the orders of the circuit court of Champaign County dismiss-

ing this action brought against defendants, Humko Products Division of Kraftco Corporation, formerly National Dairy Products Corporation (hereafter Humko), Wesley Construction Company (hereafter Wesley) and Harlan E. Moore and Company (hereafter Moore). The appellate court affirmed (38 Ill. App. 3d 369), and we allowed plaintiff's petition for leave to appeal.

The plaintiff's testator, Charles Sickler, filed this action on July 31, 1969, alleging violations of the Structural Work Act (Ill. Rev. Stat. 1967, ch. 48, pars. 60 through 69) and seeking to recover damages for personal injuries suffered on February 20, 1968. On August 21, 1974, defendant Wesley filed a suggestion of death (Ill. Rev. Stat. 1973, ch. 110, par. 54(2)) stating that Sickler had died on August 5, 1974. At that time defendant Humko had answered the complaint, but there were pending motions filed on behalf of defendants Wesley and Moore to strike and dismiss the complaint.

On December 17, 1974, defendant Wesley moved for the dismissal of the cause for failure to substitute a party for the deceased Charles Sickler, and on the further ground that the cause abated upon his death. Proof of service of notice that the motion would be presented to the circuit court on December 17 bears the date of December 12, 1974. On December 17, 1974, an order was entered dismissing the cause as to defendant Wesley.

A similar motion was filed on behalf of defendant Moore on December 20, 1974, showing proof of service on December 19, 1974. A motion to dismiss filed by defendant Humko on December 20, 1974, shows no proof of service, but an order entered on December 20, 1974, recites that the motion is set for hearing on December 27, 1974, "Five day notice of hearing on motion to be given plaintiff." An order entered on December 23, 1974, dismissing the cause as to defendant Moore recites that there was "Proof of notice to all interested parties

attorneys" and that there was "No appearance by defendant's counsel." The record also reflects that on January 3, 1975, the motion of the "defendant, National Dairy Products" (apparently Humko), was ordered set for January 16, 1975, "Ten days notice to all interested parties." On January 16, 1975, plaintiff filed a motion seeking the entry of an order substituting Johnnie Sickler, executor of the estate of Charles Sickler, deceased, as party plaintiff and a motion to vacate the order dismissing defendant Wesley. Although not supported by anything contained in the record, it is stated in plaintiff's brief that "on November 22, 1974, a copy of plaintiff's Motion for Substitution of Johnnie Sickler as Executor of the Estate of Charles Sickler, Deceased, was mailed to all defendants' counsel together with a notice for hearing of the said motion to occur on November 27, 1974. Hearing of the Motion for Substitution was deferred when plaintiff's counsel learned that although the survivors had decided to press on with the litigation, Johnnie Sickler, the widow of Charles Sickler, could not become the executor until December 30, 1974, because of the statutory waiting time. Amended Notice of Hearing of the same substitution motion was mailed resetting the hearing date to January 16, 1975." The parties submitted briefs, and on February 25, 1975, the circuit court entered an order denying plaintiff's motion to vacate the dismissal of Wesley, and dismissed the action as to Humko and Moore "on the ground that no proper party was substituted."

Section 54(2) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 54(2)) in pertinent part provided:

"(2) Death. If a party to an action dies and the action is one which survives, the proper party or parties may be substituted by order of court upon motion. If a motion to substitute is not filed within 90 days after the death is suggested of record, the action may be dismissed as to the deceased party.

If the death of a party to a personal action is

suggested of record and no petition for letters of office for his estate has been filed, the court, upon motion and after such notice to the party's heirs, legatees or devisees as the court directs, and without opening of an estate, may appoint a special administrator for the deceased party for the purpose of prosecuting or defending the action. If a legal representative is appointed for the estate before judgment is entered, and his appointment is suggested of record in the action, the court shall order that he be substituted for the special administrator."

Plaintiff contends that under the statute the circuit court "was not compelled to dismiss the action if the motion for substitution was not made within the allotted time" and that in dismissing the action the circuit court abused its discretion. Defendant Wesley argues that the record shows that plaintiff's decedent did not prosecute his claim with diligence and that in dismissing the cause the circuit court did not abuse its discretion. Defendants Humko and Moore argue that the dismissal was not an abuse of discretion.

It is true that this case appears to have been pending and inactive for several years, but there is nothing in the record to show who or what caused the delay. If plaintiff's decedent was guilty of inexcusable delay the circuit court had the inherent power, on the motion of defendants or its own motion, to dismiss the case for want of prosecution. No such motion was made or action taken, and on this record the question whether the circuit court erred in dismissing the case must be determined on the basis of what occurred subsequent to the suggestion of Sickler's death.

We consider first whether the appellate court erred in holding that "The question on review *** is whether the trial court abused its discretion" (38 Ill. App. 3d 369, 371). We conclude that an order of dismissal entered pursuant to section 54(2) of the Civil Practice Act should be reviewed in the same manner as a motion filed under

section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 50(5)).

Section 50(5) provides:

"The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

In *People ex rel. Reid v. Adkins,* 48 Ill. 2d 402, 406, the court said: "Under this section, it is no longer necessary that such relief be sought on the precise grounds that there is a meritorious defense [claim] and a reasonable excuse for not having timely asserted such defense. The overriding consideration now is whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits."

The orders of dismissal were entered on December 17, 1974, and February 25, 1975. There is no question that the statute provided that plaintiff had 90 days from August 21, 1974, in which to substitute a proper party for her decedent. The record does not show that the delay in substitution from November 21 to January 16 was prejudicial to any of the defendants. Applying the test enunciated in *Adkins* as to whether or not substantial justice is being done between the litigants, we hold that the circuit court erred in dismissing the action.

We consider next defendants' contention that the decedent's cause of action based on violations of the Structural Work Act did not survive his death. The Survival Act (Ill. Rev. Stat. 1973, ch. 3, par. 339) in pertinent part provided:

"Sec. 339. Actions which Survive. In addition to the actions which survive by the common law, the following also survive: *** actions to recover damages for an injury to the person (except slander and libel), *** and actions provided in Section 14 of Article VI of 'An Act relating

to alcoholic liquors', approved January 31, 1934, as amended."

Citing *Creighton v. County of Pope,* 386 Ill. 468, and *Olson v. Scully,* 296 Ill. 418, defendant Humko argues that "A statutory cause of action does not survive the death of either party unless the statute creating the action or some other statute expressly provides for survival of the action. *** Express inclusion in the Illinois Survival Act [citation] of Dram Shop actions and silence of the survival statute as to actions based on the Illinois Structural Work Act indicate legislative intent to exclude actions based on the Structural Work Act from the scope of the Survival Act."

The language of a statute must be given its plain and ordinary meaning. "It is a primary rule in the interpretation and construction of statutes that the intention of the legislature should be ascertained and given effect. [Citations.] This is to be done primarily from a consideration of the legislative language itself, which affords the best means of its exposition, and if the legislative intent can be ascertained therefrom it must prevail and will be given effect without resorting to other aids for construction. [Citations.] There is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports." *Western National Bank of Cicero v. Village of Kildeer,* 19 Ill. 2d 342, 350.

Section 9 of the Structural Work Act (Ill. Rev. Stat. 1973, ch. 48, par. 69) creates a cause of action "for any injury to person ***" in precisely the same language as is used in the Survival Act. We need not engage in conjecture concerning the reasons for the General Assembly's providing explicitly for survival of actions under the Dramshop Act since in view of the clear and explicit language of both the Structural Work Act and the Survival Act we consider it wholly irrelevant.

For the reasons stated, the judgments of the appellate and circuit courts are reversed and the cause is remanded to the circuit court of Champaign County with directions to vacate its order of dismissal and reinstate the cause of action for further proceedings consistent with this opinion.

*Reversed and remanded, with directions.*