FIREMAN'S FUND MORTGAGE CORP. f/k/a Manufacturers Hanover Mortgage Corp., Plaintiff,

v.

Mondell ZOLLICOFFER, Shirley J. Zollicoffer, and Harry Yourell, Registrar of Titles, Defendants.

Mondell ZOLLICOFFER and Shirley J. Zollicoffer, Counter–Plaintiffs,

v.

FIREMAN'S FUND MORTGAGE CORP. f/k/a Manufacturers Hanover Mortgage Corp., Counter–Defendant.

No. 87 C 1230.

United States District Court, N.D. Illinois, E.D.

Feb. 27, 1989.

Barry M. Fisher, Fisher and Fisher, John K. Kallman, Mark P. Naughton, Michael L. Daugherty, Rudnick & Wolfe, Richard S. Huszagh, Chicago, Ill., for plaintiff.

Anthony B. Bass, Joseph H. Sanders, Joseph J. DeMichael, Elmore & DeMichael, Oak Forest, Ill., for defendants.

ORDER

NORGLE, District Judge.

As a result of the death of Mondell Zollicoffer, both Fireman's Fund Mortgage Corp. ("Fireman's Fund") and Shirley Zollicoffer have filed motions for substitution pursuant to Fed.R.Civ.P. 25(a). Fireman's Fund moves that Shirley Zollicoffer, in her capacity as administratrix of the estate of her deceased husband, Mondell Zollicoffer, be substituted as a defendant in place of Mondell Zollicoffer. Shirley Zollicoffer moves that she, as administratrix of her husband's estate, be substituted both as a defendant and as a counter-plaintiff in place of Mondell Zollicoffer. For the following reasons, Shirley Zollicoffer, in her capacity as administratrix of Mondell Zollicoffer's estate, is substituted in place of Mondell Zollicoffer as a defendant and as a counter-plaintiff in all the counterclaims asserted by Mondell Zollicoffer.

FACTS

On February 11, 1987, Fireman's Fund filed a complaint to foreclose the mortgage on the Zollicoffers' residence and to obtain judgment on the underlying note. Mondell and Shirley Zollicoffer answered and asserted counterclaims for trespass to land, breach of mortgage contract, violation of statutory remedies, breach of implied covenant of good faith and fair dealing, forcible entry, conversion and punitive damages. On September 6, 1988, Mondell Zollicoffer died. After the suggestion of Mondell Zollicoffer's death on the record, both Fireman's Fund and Shirley Zollicoffer timely filed motions for substitution. Fireman's Fund objects to Shirley Zollicoffer's motion that she, as administratrix, be substituted as a counter-plaintiff in Mondell Zollicoffer's counterclaims for violation of statutory remedies, forcible entry and punitive damages, on the grounds that those counterclaims did not survive Mondell Zollicoffer. The court will treat Fireman's Fund's objection as a motion to dismiss those counterclaims to the extent they are brought on behalf of Mondell Zollicoffer.

DISCUSSION

Whether Fireman's Fund's and Mondell Zollicoffer's claims survive Mondell Zollicoffer such that Shirley Zollicoffer, as his representative, may defend against and assert them, respectively, is determined by the law of Illinois, as the cause of action arose in Illinois and Illinois has the most significant relationship to this matter. *See In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979,* 644 F.2d 594, 611–12 (7th Cir.1981).

Under Illinois common law, the death of either party abates a personal cause of action, *Olson v. Scully,* 296 Ill. 418, 422–23 129 N.E. 841, 842 (1921), but actions primarily based upon property rights survive. *Shapiro v. Chernoff,* 3 Ill.App.3d 396, 402–03, 279 N.E.2d 454, 458 (1st Dist.1972). The determination of whether an action was based upon a property right was often straight forward with contract actions surviving, *see Parkway Bank & Trust Co. v. LeVine,* 45 Ill.App.3d 497, 499, 4 Ill.Dec. 49, 51, 359 N.E.2d 882, 884 (1st Dist.1977), and tort actions for personal injuries abating. *See Froud v. Celotex Corp.,* 107 Ill. App.3d 654, 657, 63 Ill.Dec. 261, 263, 437 N.E.2d 910, 912 (1st Dist.1982) *rev'd on other grounds,* 98 Ill.2d 324, 74 Ill.Dec. 629, 456 N.E.2d 131 (1983); *North Chicago St. R.R. Co. v. Ackley,* 171 Ill. 100, 105, 49 N.E. 222, 224 (1898). In other instances, the courts looked to whether the cause of action was assignable and thus survived. *See Creighton v. Pope County,* 386 Ill. 468, 475, 54 N.E.2d 543, 547 (1944); *Shapiro v. Chernoff,* 3 Ill.App.3d at 403, 279 N.E.2d at 458; *First Nat'l Bank of Danville v. Taylor,* 329 Ill.App. 49, 55, 67 N.E. 2d 306, 310 (1946). Statutory causes of action did not survive unless specifically declared to do so by the statute creating the cause of action or some other statute. *See Sickler v. National Dairy Products Corp.,* 67 Ill.2d 229, 235, 10 Ill.Dec. 221, 224–25, 367 N.E.2d 674, 677–78 (1977); *Shapiro v. Chernoff,* 3 Ill.App.3d at 401, 279 N.E.2d at 457.

The legislature supplemented this common law rule to allow the representative of the deceased to recover damages for cer-

tain other injuries to the deceased. Laws 1871–72 p. 77 § 123 (predecessor to current statute). In its current form, the Illinois Survival Act ("Survival Act") provides in part:

> In addition to the actions which survive by the common law, the following also survive: actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property or for the detention or conversion of personal property, ...

Ill.Rev.Stat. ch. 110–½, ¶ 27–6 (1987).

### The Common Law Claims and Counterclaims

■ Fireman's Fund's claims for foreclosure of the mortgage and judgment on the underlying note and Mondell Zollicoffer's counterclaims for breach of mortgage contract and breach of implied covenant of good faith and fair dealing are contractual in nature, based upon property rights, and thus survive Mondell Zollicoffer under the common law. *See. e.g., Parkway Bank & Trust Co. v. LeVine,* 45 Ill.App.3d at 499, 4 Ill.Dec. at 51, 359 N.E.2d at 884; *People ex rel. Powles v. County of Alexander,* 310 Ill.App. 602, 605, 35 N.E.2d 92, 94 (4th Dist.1941) (implied contracts survive under common law); *Rogge v. Menard County Mutual Fire Ins.,* 184 F.Supp. 289, 294 (S.D.Ill.1960).

■ The counterclaim for conversion, an action based on property rights, survived under the common law. *See Shedd v. Patterson,* 312 Ill. 371, 373, 144 N.E. 5, 5–6 (1924); *Periard v. Nelson,* 14 Ill.App.2d 566, 571, 145 N.E.2d 172, 174–75 (2d Dist. 1957). The counterclaim for trespass to land is also based soley on property rights. Thus it would also, at first glance, appear to survive under the common law. However, the common law as received in Illinois did not provide for the survival of actions for injury to real property. *See Shedd v. Patterson,* 312 Ill. at 373–374, 144 N.E. at 6; (1924) *citing Reed v. P & O R.R. Co.,* 18 Ill. 403, 403–04 (1857). In any event, both the trespass and conversion counterclaims are preserved by the Survival Act. Ill.Rev. Stat. ch. 110–½, ¶ 27–6 (1987); *see The Cov-*

enant Club of Chicago v. Thompson, 259 Ill.App. 311, 314–16 (1st Dist.1930).

### The Statutory Counterclaims

■ The counterclaim for forcible entry, Ill.Rev.Stat. ch. 110, ¶ 9–101 *et seq.* (1987), is purely statutory in nature. *LaSalle Nat'l Bank v. Wilson,* 10 Ill.App.2d 489, 135 N.E.2d 128 (1st Dist.1956); *Personal Home Mortgage Co. v. Seegrin,* 275 Ill. App. 419, 437 (1st Dist.1934). Similarly, the counterclaim for "violation of statutory remedies," based upon Ill.Rev.Stat. ch. 110, ¶ 12–129, ch. 110, ¶ 15–101 *et seq.* (1985) (repealed by P.A. 84–1462 § 7, eff. July 1, 1987; P.A. 85–293, Art. II, § 23 eff. Sept. 8, 1987), though not expressly created by statute, is statutory in nature. In placing limitations on the actions of foreclosing mortgagees, these chapters have effectively created rights for mortgagors and thus implied the cause of action brought by Mondell Zollicoffer to vindicate those rights. *See e.g., City of Evanston v. Regional Transportation Authority,* 825 F.2d 1121, 1123–24 (7th Cir.1987) (private action implied by statute where statute intended to benefit a particular class of persons); *Raisl v. Elwood Ind., Inc.,* 134 Ill. App.3d 170, 175–76, 479 N.E.2d 1106, 1110 (1st Dist.1985) (retaliatory discharge action statutory though not expressly created in workmen's compensation statute).

No provisions are made for the survival of these statutory causes of action in the statutes creating them. Therefore, whether they survive Mondell Zollicoffer is dependent upon the Survival Act. *See Nat'l Bank of Bloomington v. Norfolk & W. Ry.,* 73 Ill.2d 160, 174, 23 Ill.Dec. 48, 52, 383 N.E.2d 919, 923 (1978); *Larson v. Wind,* 542 F.Supp. 25, 26 (N.D.Ill.1982).

The parties have not directed the court to decisions of the Illinois Supreme Court specifically addressing whether the Survival Act's preservation of actions to recover damages for injury to real or personal property encompasses actions for forcible entry and violation of statutory remedies.

Shirley Zollicoffer relies on *Chicago Ry. Equip Co. v. Wilson,* 250 Ill.App. 231 (1st Dist.1928), which held that a forcible de-

tainer action, as "an action at law relating to real property," *St. Louis Stock Yards v. Wiggins Ferry Co.*, 102 Ill. 514, 510 (1882), survived to be prosecuted against the personal representative of the deceased defendant under the Abatement Act. Ill.Rev. Stat. ch. 1, § 11 (1927). *Chicago Ry. Equip.*, 250 Ill.App. at 236; *citing Rutter v. Maher*, 147 Ill.App. 622, 624–25 (1st Dist. 1909) (action of forcible detainer survived against heirs of sole defendant). She argues that the counterclaims for forcible entry and violation of statutory remedies are both actions attempting to recover for damages to real property and thus are preserved by the Survival Act.

Fireman's Fund counters with *Allman v. Kelly*, 240 Ill.App. 377 (1st Dist.1926), which held that an action seeking to recover for damage to a business resulting from the defendant wrongfully entering the premises and dispossessing the plaintiff did not state a claim for injury to real or personal property as this term was used in the predecessor to the Survival Act. 240 Ill. App. at 382. Firemen's Funds reliance on *Allman* is misplaced, as a matter of fact and law, as *Allman* is both factually distinguishable and no longer good law.

In *Allman*, the court characterized the plaintiff's claims as seeking to recover for injury to a business located on the premises rather than for an injury to real or tangible personal property. Strictly interpreting the language "damages for an injury to real or personal property" as utilized in the predecessor to the Survival Act, the *Allman* court held that the action abated, as "personal property" was limited to "tangible articles." 240 Ill.App. at 382; *see also Shedd v. Patterson*, 312 Ill. at 375, 144 N.E. at 6. This case is factually distinguishable, as the Zollicoffers are seeking to recover for, among other things, the actual injuries to real property caused by the boarding up of their residence.

In addition, in light of the Illinois Supreme Court's decision in *McDaniel v. Bullard*, 34 Ill.2d 487, 216 N.E.2d 140 (1966), abandoning the strict construction of "personal property" as used in the Survival Act and holding that a wrongful death action

was "personal property," *Allman* is no longer good law. *See also Raisl v. Elwood Ind., Inc*, 134 Ill.App.3d at 173, 479 N.E.2d at 1109 (retaliatory discharge cause of action is an action to recover for an injury to personal property); *Stonestreet v. Iroquois County Sheriff's Merit Com'n*, 150 Ill. App.3d 1092, 104 Ill.Dec. 365, 502 N.E.2d 862 (3d Dist.1986).

■ The court is left to predict whether the Illinois Supreme Court would hold that a forcible entry action is saved by the Survival Act. *See Dellcar v. Hicks*, 685 F.Supp. 679, 681 (N.D.Ill.1988). Looking back to 1857, the court notes the Illinois Supreme Court's holding that an action in ejectment was saved by the "act in relation to abatements." 1 Purple's stat. 74–5, secs. 6–15; *see Guyer v. Wookey*, 18 Ill. 536, 538–39 (1857). A forcible entry action is a derivative of ejectment, being an efficient substitute remedy concerned only with possession, rather than both title and possession. *See Rutter v. Maher*, 147 Ill. App. at 625. Therefore, with guidance from the decisions in *Chicago Ry. Equip., Rutter* and *Guyer*, the court determines that, if faced with the issue, the Illinois Supreme Court would hold that a forcible entry action is saved by the Survival Act.

Concerning the claim for violation of statutory remedies, no Illinois court has construed this or any analogous action to be preserved by the Survival Act or any other statute. Any guidance from the Illinois legislature's omission of a survival clause from this statute is limited given that this is an implied cause of action. Admittedly, the facts of this case do not cry out for an expansive interpretation of the Survival Act. The injuries for which Mondell Zollicoffer seeks redress may be compensated for by his surviving claims for conversion, trespass to land and forcible entry. Shirley Zollicoffer continues, in her own right, to pursue the claim for "violation of statutory remedies."

Nevertheless, the statutes impliedly creating the cause of action for violation of statutory remedies protect Mondell Zollicoffer's interest as a mortgagor in his real property by limiting the actions of fore-

closing mortgagees. However his interest in his residence may be characterized, Mondell Zollicoffer's action for violation of statutory remedies is an action to recover for injury to real or personal property within the meaning of the Survival Act. *See McDaniel v. Bullard,* 34 Ill.2d 487, 216 N.E.2d 140 (1966).

### The Punitive Damages "Counterclaim"

Both parties have referred to Mondell Zollicoffer's "counterclaim" for punitive damages. Fireman's Fund asserts that this "claim" for punitive damages abated. Shirley Zollicoffer fails to take up the challenge. The court is left to do so.

It is true, as Fireman's Fund asserts, that Illinois courts have consistently held that the Survival Act "does not authorize the award of punitive damages in those actions surviving under it." *Raisl v. Elwood Industries Inc.,* 134 Ill.App.3d at 173, 89 Ill.Dec. at 103, 479 N.E.2d at 1109; *see also Ballweg v. City of Springfield,* 114 Ill.2d 107, 117, 102 Ill.Dec. 360, 364, 499 N.E.2d 1373, 1377 (1986); *Mattyasovszky v. West Towns Bus Co.,* 61 Ill.2d 31, 33, 330 N.E.2d 509 (1975). Yet, Mondell Zollicoffer's "claim" for punitive damages is not an independent action. Rather, as is evidenced by the Zollicoffers' repleading of all previous paragraphs of their counterclaims into their final "counterclaim" for punitive damages, it is in reality a request for punitive damages as additional relief which the Zollicoffers assert is merited under the other counterclaims. Two of these counterclaims survive under the common law, not under the Survival Act. Two may survive under the common law, as well as under the Survival Act. Only the claims for forcible entry and violation of statutory remedies are preserved by the Survival Act. Therefore, without expressing an opinion as to the propriety of punitive damages, the court concludes that the availability of punitive damages as a remedy for those counterclaims which survive Mondell Zollicoffer under the common law is not affected by the Survival Act. The court also leaves for another day the issue of the availability of punitive damages in actions which traditionally survived under the common law, but also are preserved by the Survival Act.

### CONCLUSION

In sum, Shirley Zollicoffer, as administratrix of the estate of Mondell Zollicoffer, is substituted for Mondell Zollicoffer in this matter as a defendant in all claims and as a counter-plaintiff in all counterclaims asserted by Mondell Zollicoffer. Punitive damages are not awardable under the forcible entry and violation of statutory remedies claims prosecuted on behalf of Mondell Zollicoffer. Of course, Shirley Zollicoffer, in her own right, continues as a defendant and counter-plaintiff in this matter.

IT IS SO ORDERED.